■ ALICIA M. GONZALEZ, an Infant, by Her Father and Natural Guardian, EDWARD M. GONZALEZ, Respondent, v DONALD A. PIUS et al., Appellants, et al., Defendant.—In an action to recover damages for personal injuries, the defendants Donald A. Pius and Donald Pius, doing business as Church Enterprises, appeal from so much of an order of the Supreme Court, Suffolk County (Saladino, J.), entered March 13, 1987, as denied their motion to dismiss the complaint as against them pursuant to CPLR 3211 (a) (7) for failure to state a cause of action or, in the alternative, for summary judgment pursuant to CPLR 3212.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the appellants' motion which was for summary judgment is granted, the complaint is dismissed as against the appellants, and the action against the remaining defendant is severed.

The infant plaintiff suffered second and third degree burns over approximately 15% of her face, shoulder, scalp, neck and wrist as a result of a kitchen accident in which she was scalded with hot oil from an electric frying pan which her mother had been using. The accident occurred when the infant came in contact with a portion of the electric wire leading to the frying pan. The plaintiff alleged that the failure of the appellants to install a stove in the apartment where the infant was residing with her mother forced the mother to resort to alternative and potentially more hazardous methods of cooking food.

On the record before us, we conclude that the court erred in failing to grant summary judgment in favor of the movants. In order for an actionable tort to exist, a plaintiff must bring himself or herself within the scope of a definite legal obligation *(Waters v New York City Hous. Auth.,* 116 AD2d 384, 386, *affd* 69 NY2d 225). The Court of Appeals has succinctly analyzed the concept of duty in the following terms: "Duty is essentially a legal term by which we express our conclusion that there can be liability * * * It tells us whether the risk to which one person exposes another is within the protection of the law" *(De Angelis v Lutheran Med. Center,* 58 NY2d 1053, 1055). The concept of foreseeability comes into play only after it has been determined that a duty of care exists *(see, Pulka v*

*Edelman,* 40 NY2d 781, 785, *rearg denied* 41 NY2d 901). The mere fact that a consequence might foreseeably result from an action or condition does not serve to establish a duty owing from a defendant to a plaintiff. In the absence of a duty, as a matter of law, no liability can ensue *(see, Johnson v Jamaica Hosp.,* 62 NY2d 523, 528).

There is no evidence in the instant case that the appellants at any time promised or undertook to furnish a stove for the apartment in which the infant and her mother resided. The infant's mother agreed to rent the unit and signed a lease therefor with the knowledge that there was no stove. At one point in his examination before trial, the plaintiff's father revealed that there were two microwave ovens in the subject apartment which were operational and available for cooking purposes. Notwithstanding the alternative methods for cooking food which were available to her, the mother nevertheless chose to utilize the electric frying pan. Since the plaintiff failed to establish the breach of a duty, it follows that she failed to establish a prima facie case of negligence on the part of the movants.

Moreover, as a matter of law, the failure of the appellants to supply their tenants with a stove was not the proximate or legal cause of the injuries suffered by the infant plaintiff. In this instance, it was not the failure to provide a stove which was the direct cause of the injuries. Rather, any causal connection between the two was attenuated by the parents' own negligence. While the failure to provide a stove may have given rise to intervention on the part of the infant's mother to provide a substitute means of cooking, that action was not, in itself, the direct cause of the injuries. The injuries in the instant case occurred in consequence of the parents' failure to take further precautions to insure the safety of their infant. The mother revealed, in the course of her testimony at an examination before trial, that she had never warned the infant to stay away from the area where she was preparing to cook. Nor did she attempt to place any sort of barricade around the area where the frying pan with hot oil was placed. The sole precaution taken by the mother was to tuck a portion of the electric wire inside a partially opened drawer. The plaintiff's father was watching television in the apartment at the time of the accident. Stated succinctly, the injuries which resulted to the plaintiff cannot reasonably be classified as a normal result of any dereliction on the landlords' part *(see, Martinez v Lazaroff,* 48 NY2d 819, 820). Accordingly, the order appealed from is reversed and summary judgment is granted

in favor of the appellants. Mollen, P. J., Lawrence, Weinstein and Kooper, JJ., concur.