■ FREDERICK PESCE, an Infant, by His Parent and Natural Guardian, WILLIAM PESCE, et al., Respondents, v TOWN OF HUNTINGTON, Appellant, et al., Defendants.—In an action to recover damages for personal injuries, the defendant Town of Huntington appeals from an order of the Supreme Court, Suffolk County (Luciano, J.), entered February 23, 1988, which denied its motion for summary judgment dismissing the complaint as against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed as against the appellant, and the action against the remaining defendants is severed.

The infant plaintiff was injured when he became impaled on a bolt protruding from a piling supporting a dock on an island owned by the defendant United States Dredging Corporation. The injuries occurred more than 30 minutes after the plaintiff and his friends swam to the island, as a result of the plaintiff having been pushed by one of his friends while playing on the dock. The island is located about 100 to 200 yards offshore, south of Hobart Beach, which is a public beach operated by the defendant Town of Huntington (hereinafter the Town). The plaintiff alleged that the failure of the Town to properly supervise the plaintiff and his friends and prevent them from swimming from the Town beach to the island constituted negligence.

We conclude that the court erred in failing to grant summary judgment in favor of the Town. It is well established that the court must determine, as a threshold matter, whether the facts will support an inference of negligence *(see, Basso v*

*Miller,* 40 NY2d 233). The first determination that must be made is whether the defendant owed a duty to the plaintiff *(De Angelis v Lutheran Med. Center,* 58 NY2d 1053, 1055; *Gonzales v Pius,* 138 AD2d 453). In the absence of a duty, as a matter of law, no liability can ensue *(see, Johnson v Jamaica Hosp.,* 62 NY2d 523; *Gonzales v Pius, supra,* at 453). The Town is obliged to exercise reasonable care only to see that users of its beaches do not come in contact with dangerous instrumentalities due to any condition or defect existing on its own land. To hold that its duty extends to preventing the infant plaintiff and others from leaving the Town beach to swim to an island owned by another entity would make the Town an insurer against injury arising from activities conducted, or conditions existing on neighboring property *(see, Abdur-Rashid v Consolidated Rail Corp.,* 135 AD2d 208, 213). We find no justification to so hold. Since the plaintiffs failed to establish that the Town owed a duty to the plaintiff it follows that they failed to establish a prima facie case of negligence on the part of the Town.

Moreover, as a matter of law, the failure of the Town to prevent the infant plaintiff and his friends from swimming away from the Town's property was not the proximate or legal cause of the injuries suffered by the infant plaintiff. Any causal connection was severed by the actions of the infant plaintiff and his friends and the existence of the bolt, which became superseding events serving to break any such causal connection between the alleged breach of duty on the part of the Town and the injury sustained by the infant plaintiff *(see, Kush v City of Buffalo,* 59 NY2d 26; *Palsgraf v Long Is. R. R. Co.,* 248 NY 339; *O'Britis v Peninsula Golf Course,* 143 AD2d 123). Mangano, J. P., Brown, Lawrence and Eiber, JJ., concur.