■ Mansoor Hakim, Respondent, v Jalal Mahdavian et al., Appellants. (And Another Related Action.)—Weiss, P. J. Appeal from an order of the Supreme Court (Connor, J.), entered August 15, 1991 in Ulster County, which denied defendants' motion for summary judgment dismissing the complaints.

In 1982, plaintiff invested $50,000 for one third of the ownership shares in Salomax Realty Development Corporation (hereinafter Salomax), which served as the general partner of 40 Hurley Avenue Associates, a limited partnership engaged in the development of a medical office building.

Plaintiff commenced this action against the other shareholders of Salomax (Jalal Mahdavian and Thomas Stellato), in addition to Salomax and Alex Howard, who had been elected to replace plaintiff as a corporate director. The complaint sets forth 19 causes of action alleged in 237 paragraphs. Supreme Court denied defendants' motion for summary judgment dis-

missing the complaint, finding that issues of fact precluded such relief.* Defendants have appealed.

Initially, we find that plaintiff's fraud claim should have been dismissed. While a cause of action for fraud may be maintained even though monetary damage may be nominal or limited to damage to an economic or legal relationship, here plaintiff has wholly failed to articulate any loss resulting from alleged misrepresentations and instead has conceded that his initial investment of $50,000 has appreciated in value to $90,000 (see, 60 NY Jur 2d, Fraud and Deceit, §§ 167-170, at 688-696). Because defendants made a prima facie showing that plaintiff has profited substantially from his investment, the burden shifted to plaintiff to establish a factual issue (see, Zuckerman v City of New York, 49 NY2d 557, 562). Having failed to do so, defendants are entitled to summary judgment dismissing the first cause of action couched in fraud.

Defendants next contend that plaintiff had no right to continue as vice-president and director indefinitely, and that he failed to demonstrate any impropriety in replacing him in those offices. It is undisputed that timely notice of a special meeting of shareholders was given to plaintiff, who now challenges the legality of the notice. Plaintiff argues that the corporate bylaws provide that shareholders can call a special meeting only upon the written request of a majority of shareholders, which was not done here. While plaintiff's argument may be technically correct, such failure is not necessarily fatal to the legality of the meeting held. A special meeting can also be called by the president, which is what occurred here. Thus, plaintiff has failed to rebut defendants' prima facie showing that the notice of the special meeting was valid and, accordingly, defendants have demonstrated entitlement to summary judgment dismissing the 15th, 16th, 17th, 18th and 19th causes of action, all of which relate to events which occurred at the special meeting.

Finally, defendants contend that plaintiff, as a minority shareholder, has no cause to complain about the $50,000 paid to both Mahdavian and Stellato by Salomax as compensation for services in the development of the building located at 40 Hurley Avenue. Defendants argue that the payments were made as a proper business judgment of Salomax's board of directors. Because both Mahdavian and Stellato were directors

---

* The decision below fails to articulate the rationale of Supreme Court, depriving this court of the benefit of its reasoning and findings on this appeal (see, Dworetsky v Dworetsky, 152 AD2d 895, 896).

interested in that decision and therefore not impartial, Business Corporation Law § 713 is directly applicable and defendants have failed to produce evidentiary proof to support their claim that the transactions were fair and reasonable. The conclusory statements of Mahdavian and Stellato are insufficient, as a matter of law, to avoid material issues of fact concerning the propriety of their actions and require that the motion for summary judgment on this cause of action be denied (see, Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion regarding the 1st, 15th, 16th, 17th, 18th and 19th causes of action; motion granted to that extent, partial summary judgment awarded to defendants and said causes of action are dismissed; and, as so modified, affirmed.