■ Aurora M. Cosimo et al., Appellants-Respondents, v John Hancock Mutual Life Insurance Company, Respondent-Appellant, et al., Defendant, and Gary Hoffman, Respondent. [626 NYS2d 222] —In an action to recover damages for fraudulent misrepresentation, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Newmark, J.), dated March 3, 1993, as granted the motion of the defendant Gary Hoffman for summary judgment dismissing the complaint, and the defendant John Hancock Mutual Life Insurance Company cross-appeals from so much of the same order as denied its application to join the defendant Hoffman's motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, the application of the defendant John Hancock Mutual Life Insurance Company is granted, and, upon searching the record, summary judgment is granted and the complaint is dismissed insofar as it is asserted against it; and it is further,

Ordered that one bill of costs is awarded to the respondent-appellant and the respondent appearing separately and filing separate briefs.

The court properly granted the motion for summary judg-

ment of the defendant Gary Hoffman since he proffered sufficient evidence to demonstrate that no triable issues of fact existed, and the plaintiffs' papers in opposition were insufficient to demonstrate that they sustained a pecuniary loss as to the value of their purchase of limited partnership interests *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557; *Dress Shirt Sales v Hotel Martinique Assocs.,* 12 NY2d 339; *Hakim v Mahdavian,* 185 AD2d 428).

However, we disagree with the court's denial of the application of the defendant John Hancock Mutual Life Insurance Company (hereinafter John Hancock) to join the defendant Gary Hoffman's motion for summary judgment due to its failure to cross-move for such relief. Upon a motion for summary judgment a court may search the record and award judgment where appropriate to any party *(see, Grimaldi v Pagan,* 135 AD2d 496; CPLR 3212 [b]). This action cannot be maintained against John Hancock given the foregoing grounds for which judgment, as a matter of law, has been granted in favor of its agent, Gary Hoffman. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.