SECOND DEPARTMENT, NOVEMBER, 1995

(November 6, 1995)

■ MICHEL BADOU, as Administrator of the Estate of JOSETTE MEDORZIL, Also Known as JOSETTE BADOU, Deceased, Appellant, v NEW JERSEY TRANSIT RAIL OPERATIONS et al., Defendants, and McDONALD's CORPORATION et al., Respondents. [633 NYS2d 530] —In an action to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated April 26, 1994, which granted the motion of the defendants Lenjen Corp., JME Valley, Inc., and Jan Mitchell for summary judgment dismissing the complaint insofar as asserted against them, and, in effect, upon searching the record granted summary judgment in favor of the defendant McDonald's Corporation, dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed; and it is further,

Ordered that, upon searching the record, summary judgment is granted in favor of the defendant Franchise Realty Interstate Corporation, the complaint is dismissed insofar as asserted against it and the action against the remaining defendants is severed; and it is further,

Ordered that the respondents are awarded one bill of costs.

On the morning of March 27, 1989, the plaintiff's decedent, Josette Medorzil, was struck and killed by a New Jersey Transit Rail Operations commuter train. The decedent was on her way from her Spring Valley home to a bus stop on Route 59 when the accident occurred. According to the plaintiff, on the morning of the accident it appears that the decedent decided to take a shortcut which required her to cross the railroad tracks and then walk through a hole in the gate of a chain link fence which divided the railroad's property from the rear of a McDonald's restaurant. The plaintiff alleges that a well traveled foot path led from the railroad's property to the rear of the McDonald's, and that the decedent took this path only because the hole in the fence separating the two properties created a viable shortcut to Route 59.

Following the accident, the plaintiff, as administrator of the decedent's estate, commenced this action, *inter alia,* against McDonald's Corporation, Lenjen Corp., JME Valley, Inc., Jan Mitchell, and Franchise Realty Interstate Corporation, asserting that these parties had an ownership interest or were otherwise responsible for the maintenance of the two parcels of property upon which the McDonald's Restaurant and its parking lot were situated. The defendants Lenjen Corp., JME

Valley, Inc., and Jan Mitchell subsequently moved for summary judgment, contending that they owed no duty of care to the decedent because she was struck by a train while on the railroad's property, and there was no evidence that she intended to enter the McDonald's property. The Supreme Court agreed that an adjoining property owner could not be held liable under these circumstances, and awarded summary judgment both to the movants and to the McDonald's Corporation, which had not joined the motion.

On appeal, the plaintiff contends that the court erred in awarding summary judgment to the moving defendants because it was foreseeable that an accident could occur on the railroad tracks while an individual was utilizing the path that led across the tracks and through their property to Route 59. However, it is fundamental that "a duty of reasonable care owed by the tort-feasor * * * is elemental to any recovery in negligence" (*Eiseman v State of New York,* 70 NY2d 175, 187; *see also, Pesce v Town of Huntington,* 152 AD2d 555), and that foreseeability of injury does not determine the existence of duty (*see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220, 226). Whether a duty of care exists is a question of law to be determined by the courts, which have the responsibility, in fixing the orbit of duty, of limiting " ' "the legal consequences of wrongs to a controllable degree" ' " (*Eaves Brooks Costume Co. v Y.B.H. Realty Corp., supra,* at 226; *Moss v New York Tel. Co.,* 196 AD2d 492). Applying these principles to the instant case, we cannot agree that the moving defendants owed a duty of care to an adult crossing railroad tracks on neighboring property. Even assuming that the decedent intended to enter the McDonald's property after crossing the tracks, it is well settled that an owner or occupier of abutting property owes no duty to warn or protect others from a defective or dangerous condition on neighboring property unless the owner of the abutting property causes or contributes to that condition (*see, Pensabene v Incorporated Vil. of Val. Stream,* 202 AD2d 486; *Gipson v Veley,* 192 AD2d 826). Here, it is undisputed that the decedent was struck by a train before entering the McDonald's property, and there is no evidence that the moving defendants created or contributed to a dangerous condition on the railroad's land. Thus, to impose a duty on the movants

under these circumstances would improperly cast them in the role of insurers against injury arising from activities conducted, or conditions existing, on neighboring property *(see, Pesce v Town of Huntington, supra)* and would impose an unreasonable burden on them based solely upon the fact that their property borders land owned by a railroad *(see, Palmer v Prescott,* 208 AD2d 1065). Consequently, the Supreme Court properly determined that the movants owed no duty of care to the decedent.

Furthermore, since " 'a motion for summary judgment, irrespective of by whom it is made, empowers a court, even on appeal, to search the record and award judgment where appropriate' " *(Schumacher v Queens County Sav. Bank,* 204 AD2d 526, 527; *see,* CPLR 3212 [b]; *Cosimo v John Hancock Mut. Life Ins. Co.,* 215 AD2d 347), we reject the plaintiff's claim that the court erroneously awarded summary judgment to McDonald's Corporation, which allegedly owned or controlled the restaurant property. Furthermore, upon searching the record, we also grant judgment as a matter of law to the defendant Franchise Realty Interstate Corporation, since liability against that defendant is similarly predicated upon its alleged ownership or control of the McDonald's property. Ritter, J. P., Copertino, Pizzuto and Krausman, JJ., concur.