■ YEHUDA D. SCHARF et al., Appellants, v HELLER REALTY et al., Respondents, et al., Defendants. [648 NYS2d 609] —Order, Supreme Court, New York County (Paula Omansky, J.), entered November 27, 1995, which, insofar as appealed from as limited by plaintiffs' brief, denied plaintiffs' motion for summary judgment on causes of action for declaratory judgment and specific performance, and order of the same court and Justice, entered March 13, 1996, which granted plaintiffs' motion for reargument and thereupon adhered to the original determination except to direct plaintiffs to pay use and occupancy commencing July 1, 1995, at the interim rate of $2,000 per month, with related relief, unanimously affirmed, without costs.

The amount of plaintiffs' arrears in their rent obligations is

in dispute. Summary judgment on plaintiffs' demand for a declaration that there are no arrears is inappropriate since there are unresolved factual questions, some involving assessment of credibility (*see, Grace & Co. v Tunstead, Schechter & Torre*, 186 AD2d 15, 16-17), and others concerning the fairness and equity of defendants-respondents' treatment of plaintiffs (*see, Hakim v Mahdavian*, 185 AD2d 428, 430). Plaintiffs' purported tender of the disputed amount of rent, expressly without prejudice and with a reservation of plaintiffs' rights, was not an unconditional tender requiring specific performance since defendants-respondents would have been required to convey title "without knowing the purchase price" (*Cross Props. v Brook Realty Co.*, 76 AD2d 445, 456). The IAS Court's award of interim use and occupancy is rationally related to the actual circumstances of the case and will adequately protect the owner's rights (*see, Reynolds v Division of Hous. & Community Renewal*, 199 AD2d 15). Concur—Rosenberger, J. P., Wallach, Kupferman, Nardelli and Mazzarelli, JJ.