■ Jerome Kleckley, Respondent, v Trump Management, Inc., et al., Appellants. [655 NYS2d 556] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (I. Aronin, J.), dated February 20, 1996, which denied their motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is granted, and the complaint is dismissed.

On June 11, 1991, the plaintiff, a quadriplegic with limited use of his arms and hands, was cooking steaks on the stove in the apartment where he had resided for five years. Although the stove-top was at the level of the plaintiff's shoulders as he sat in his wheelchair, he was browning the meat in a 10-inch-deep pot. This last fact made it impossible for him to see into the pot, and obliged him to raise his hands above his head in order to deposit the meat slices inside. During one of these maneuvers, the plaintiff's hand struck the pot's metal rim and went into spasm, knocking the pot of scalding oil over and causing him serious burns.

The plaintiff sued the owners and managers of his apartment building on the theory that they should have installed in his apartment a stove more suitable for handicapped persons, or have permitted him to make such a "structural change" himself. The court denied the defendants' motion for summary judgment, finding that there were issues of fact as to whether the defendants had denied a request from the plaintiff for a "handicapped stove". We now reverse.

The defendants were under no duty to provide a special stove for the plaintiff (see, e.g., Martinez v Lazaroff, 48 NY2d 819; Gonzalez v Pius, 138 AD2d 453, 454; see also, Pulka v Edelman, 40 NY2d 781). Moreover, the record is devoid of evidence

that the plaintiff ever asked the defendants for permission to install a different stove, or that the defendants ever refused such a request.

The plaintiff did not oppose the defendants' prima facie showing of entitlement to summary judgment by presenting evidence in admissible form sufficient to establish the existence of a triable issue of fact (*see, e.g., Zuckerman v City of New York,* 49 NY2d 557; *Franklyn Folding Box Co. v Grinnell Mfg.,* 234 AD2d 505; *Detko v McDonald's Rests.,* 198 AD2d 208, 209). Friedmann, J. P., Florio, McGinity and Luciano, JJ., concur.