■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. MARK A. BAEHRE, Admitted in 1985, at a Term of the Appellate Division, Fourth Department. [671 NYS2d 967] —Motion granted insofar as to reinstate respondent as an attorney and counselor-at-law in the State of New York, effective immediately. No opinion. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ. [See, 230 AD2d 366.]

SECOND DEPARTMENT, FEBRUARY, 1998

(February 2, 1998)

■ NELSON BAEZ et al., Plaintiffs, v LONG ISLAND RAILROAD, Appellant, and PALMA ILARDI, Respondent. [667 NYS2d 938] —In an action, *inter alia,* to recover damages for personal injuries, etc., the defendant Long Island Rail Road appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated January 30, 1997, as granted that branch of the motion of the defendant Palma Ilardi which was for summary judgment dismissing its cross claims asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court that the defendant Palma Ilardi owed no duty of care to the injured plaintiff. Thus, the Supreme Court properly granted that branch of the motion of the defendant Palma Ilardi which was for summary judgment dismissing the appellant's cross claims asserted against her (*see, Badou v New Jersey Tr. Rail Operations,* 221 AD2d 303; *Pensabene v Incorporated Vil. of Val. Stream,* 202 AD2d 486). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.