■ SEITH M. DABNEY, Appellant, v ELIZABETH V. AYRE, Respondent. — Appeal from an order of the Supreme Court at Special Term (Swartwood, J.), entered April 29, 1981 in Tompkins County, which denied plaintiff's motion for summary judgment. In an action to recover for property damages sustained following a two-car intersection collision, defendant interposed an answer consisting of a general denial and an affirmative defense charging plaintiff with culpable conduct which caused or contributed to plaintiff's damages. Considering the affirmative defense meritless, plaintiff moved to have it dismissed and for summary judgment. Included in the moving papers were affidavits from the operator of plaintiff's vehicle (his wife) and the investigating State trooper, both of whom recounted defendant's admitted failure to heed a stop sign and a flashing red light as the cause of the accident. The answering affidavits do not challenge plaintiff's version of the occurrence, nor do they offer an alternative version. Although it is asserted that defendant was not entirely responsible, her affidavit, lacking as it does any evidentiary proof, leaves to speculation and surmise just how plaintiff's conduct caused or contributed to the incident. Mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient to withstand a motion for summary judgment (*Zuckerman v City of New York*, 49 NY2d 557, 562). Measured against this standard, defendant's affidavit is wholly inadequate insofar as liability is concerned. However, on the issue of damages, triable factual issues are raised concerning, at the very least, the reasonableness of the length of time for repair and plaintiff's damage calculation for loss of use pending the vehicle's repair. Order modified, on the law, so as to grant plaintiff summary judgment on the issue of liability and dismiss the affirmative defense contained in defendant's answer, and, as so modified, affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Weiss, JJ., concur.