■ ALFRED LOBRUTTO, as Zoning Enforcement Officer for the Town of Milan, Respondent, v TOP JOB SANITATION COMPANY, INC., Appellant.—Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Beisner, J.), entered April 1, 1991 in Dutchess County, which, *inter alia,* granted plaintiff's cross motion for summary judgment.

Supreme Court properly granted plaintiff's cross motion for summary judgment. Defendant had claimed that the zoning ordinance in question was invalid because the requirements of Town Law § 264 concerning the procedural steps for the adoption of a zoning ordinance had not been followed. Plaintiff, however, submitted, *inter alia,* an affidavit of the Town Clerk of the Town of Milan certifying the Town's records pertaining to the zoning ordinance's adoption. This included minutes of meetings and hearings, affidavits of publication and mailing of the notice of public hearing and publication of the ordinance. This certification was "presumptive evidence of such adoption and publication" (Town Law § 134; *see, People v Hawk Sales Co.,* 17 NY2d 504). With respect to defendant's argument that no affidavit of mailing a notice of public hearing was filed or that it was not timely filed, we initially note that Town Law § 264 contains no such requirement. In any event, the record reveals that such an affidavit was filed. The fact that it was not filed at the time of the public hearing or shortly thereafter is of no moment under the circumstances of this case. We also note that the failure to file an affidavit of publication of the ordinance, which *is* required by Town Law § 264, does not necessarily serve to invalidate an ordinance *(see, Town of Lima v Slocum Enters.,* 38 AD2d 503, 508).

We agree with Supreme Court's assessment that defendant failed to raise any genuine issues of fact sufficient to overcome the presumption of Town Law § 134. As it has often been stated, "[m]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient to withstand a motion for summary judgment" *(Dabney v Ayre,* 87 AD2d 957;

*see, Zuckerman v City of New York,* 49 NY2d 557, 562). The affirmation of defendant's counsel did just that, making only conclusory assertions unsupported by any evidentiary facts *(see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 342). Defendant's remaining contentions have been considered and rejected as either unpreserved for review or lacking in merit.

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.