■ LORAJEAN HERBERT, Respondent, v IRWIN RODRIGUEZ et al., Appellants, et al., Defendants. [595 NYS2d 129] —Yesawich Jr., J. P. Appeal from an order of the Supreme Court (Torraca, J.), entered March 5, 1992 in Ulster County, which denied certain defendants' motion for summary judgment dismissing the complaint against them.

Plaintiff claims to have slipped and fallen on a patch of ice, imperceptible because of a light coating of snow, located on the sidewalk adjacent to property owned and maintained by defendants Irwin Rodriguez, Sandra Rodriguez and Billy Rodriguez (hereinafter collectively referred to as defendants). In her personal injury action, plaintiff charges that defendants and others were negligent. After issue was joined and some discovery had, defendants unsuccessfully moved for summary judgment dismissing the complaint against them.

Opposing the motion, plaintiff submitted her own affidavit and that of an engineer, who averred that the ice patch on which plaintiff assertedly fell was caused by water diverted from defendants' property. The expert made a visual inspection of the accident scene, and also examined photographs of the site which were taken several days after the occurrence. Based on these observations, he opined that the presence of a downspout on defendants' dwelling, coupled with the inabsorbent nature of the soil at the base thereof, caused the ice to accumulate on the sidewalk. This evidence, which is uncontroverted, could lead a trier of fact to reasonably conclude that the ice patch was the result of defendants' negligence in permitting the downspout to drain as it did (see, Taylor v General Battery Corp., 183 AD2d 990, 991; Parks v Hutchins, 162 AD2d 666, 669, affd 78 NY2d 1049). Moreover, while defendants' counsel argues that the presence of the downspout on the house several days after the accident does not mean that it was there at the time plaintiff fell, defendants failed to offer any evidence substantiating counsel's argument (cf., Dabney v Ayre, 87 AD2d 957). Accordingly, defendants' summary judgment motion was properly denied.

Crew III, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.