◼ SAMANTHA W. VOUGHT et al., Respondents, v WILLIAM HEMMINGER, JR., et al., Respondents, and PIER 92 RESTAURANT,

INC., Appellant. [632 NYS2d 606] —In a negligence action to recover damages for personal injuries, etc., the defendant Pier 92 Restaurant, Inc., appeals from an order of the Supreme Court, Queens County (Posner, J.), dated May 5, 1994, which denied its motion for summary judgment dismissing the complaint and all cross claims against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as they are asserted against the defendant Pier 92 Restaurant, Inc., and the action against the remaining defendants is severed.

On the evening of July 14, 1991, the injured plaintiff, Samantha Walters Vought, and several companions were passengers on a motor boat operated by William Hemminger, Jr., on the waters off of the Far Rockaway Peninsula. At some point, Ms. Vought and several other passengers indicated that they needed to use a bathroom. Accordingly, Hemminger moved his boat to a dock on the premises of the defendant, Pier 92 Restaurant, Inc. (hereinafter Pier 92), a bar and restaurant on the waterway. A sign on the dock stated: "Docking for customers only".

After using the bathroom facilities at Pier 92, Vought and her companions attempted to purchase beer at the bar, but were unable to do so. At this point, instead of returning to the boat, which remained tied to the dock in back of Pier 92 with Hemminger aboard, they began to exit through the front door of Pier 92. A Pier 92 bartender/manager told them that the dock was for customers only and informed them that he would untie their boat if they left the bar through the front door. Despite this warning, Ms. Vought and her companions did not return to the dock but left the bar through the front door and went to an adjacent bar, the Bridge Cafe, to purchase the beer. Upon returning to Pier 92, they were denied access to the dock.

Being unable to pick up Vought and the others at the dock belonging to Pier 92, Hemminger pulled his boat alongside an adjacent dock belonging to the Bridge Cafe. While attempting to board the boat at the Bridge Cafe dock, Ms. Vought slipped, fell in the water, and was injured by the propeller of the boat.

As a result of this injury, the plaintiffs initiated the present action against, among others, Pier 92 and the Bridge Cafe. So much of the case as involves the action against Bridge Cafe is not before us. With regard to the defendant Pier 92, the plaintiffs essentially alleged negligent maintenance of the dock and a failure on the part of Pier 92 to provide a safe means of ingress and egress from the Pier 92 establishment. The

plaintiffs alleged that Pier 92 failed to provide safe egress because it refused to permit Ms. Vought to reboard Hemminger's boat at the Pier 92 dock, forcing her and her companions to reboard the boat at an unsafe dock belonging to the Bridge Cafe. Pier 92 sought summary judgment dismissing the complaint and all cross claims against it. The Supreme Court denied the motion. We now reverse and grant the motion for summary judgment dismissing the complaint and all cross claims insofar as they are asserted against Pier 92.

Generally, an owner or occupier of abutting property owes no duty of care to others to warn or to protect them from a defective or dangerous condition on neighboring premises (see, *Pensabene v Incorporated Vil. of Val. Stream*, 202 AD2d 486). An exception to this rule exists where the owner of the abutting property created or contributed to the dangerous condition (see, e.g., *Herbert v Rodriguez*, 191 AD2d 887). However, that exception is inapplicable here because there is no evidence or allegation that Pier 92 created or contributed to any condition at the Bridge Cafe.

Furthermore, although Pier 92 had a duty to provide the public with a safe means of ingress and egress (see, *Thomassen v J & K Diner*, 152 AD2d 421), there is no evidence that Pier 92 failed to fulfill that duty. Ms. Vought entered and exited the premises safely. She could have reboarded the boat at the Pier 92 dock at the time that the bartender/manager told her that her boat would be untied if she left through the front door. Instead, she simply chose to ignore this warning. The duty to provide a safe ingress and egress did not obligate Pier 92 to provide Ms. Vought with a safe ingress and egress when and where she chose.

Accordingly, Pier 92 did not breach any duty to Ms. Vought and is entitled to summary judgment. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.