■ WENDY AZRILIANT, Respondent-Appellant, v NEWFY, INC., Doing Business as DOCKER'S CLAM & OYSTER BAR ON THE BAY, Appellant-Respondent, and TOWN OF SOUTHAMPTON, Respondent. (And Third-Party Actions.) [644 NYS2d 805] —In a negligence action to recover damages for property damage, (1) the defendant Newfy, Inc., d/b/a Docker's Clam & Oyster Bar on the Bay appeals, as, limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated July 24, 1995, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) the plaintiff cross-appeals, as limited by her brief, from so much of the same order as granted the motion of the defendant Town of Southampton for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, the motion of Newfy, Inc., d/b/a Docker's Clam & Oyster Bar on the Bay for summary judgment is granted and the complaint is dismissed insofar as asserted against it; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

On July 31, 1993, in the Town of Southampton, Evan Azriliant (hereinafter Azriliant) was driving an automobile owned by his mother, the plaintiff, Wendy Azriliant (hereinafter the plaintiff). Azriliant attempted to park the vehicle in the parking lot of a restaurant owned and operated by the defendant Newfy, Inc., d/b/a Docker's Clam & Oyster Bar on the Bay (hereinafter Newfy) but was informed that the lot was full. In response to his query regarding where to park, the attendant told Azriliant to park on nearby Dolphin Lane. After parking on Dolphin Lane, Azriliant went into Newfy's restaurant. While he was in the restaurant, the high tide flooded Dolphin Lane, causing damage to the plaintiff's vehicle.

The plaintiff commenced this action against Newfy and the Town of Southampton (hereinafter the Town). The Supreme Court granted the Town's motion for summary judgment, but denied Newfy's. We conclude that both defendants are entitled to summary judgment.

Generally, an owner or occupier of property owes no duty of

care to others to warn them of, or protect them from, a defective or dangerous condition on neighboring premises (*see, Vought v Hemminger,* 220 AD2d 580; *Pensabene v Incorporated Vil. of Val. Stream,* 202 AD2d 486). Although there are exceptions to the rule (*see, e.g., Vought v Hemminger, supra; Herbert v Rodriguez,* 191 AD2d 887; *Balsam v Delma Eng'g Corp.,* 139 AD2d 292, 298), there is no evidence to support the application of any such exception in this case. Accordingly, Newfy's motion for summary judgment should have been granted.

As to the plaintiff's cross appeal, we agree with the Supreme Court's conclusion that the plaintiff failed to raise a triable issue of fact with regard to her claim that the Town negligently failed to post sufficient signs warning of the danger of flooding on Dolphin Lane (*see, Zuckerman v City of New York,* 49 NY2d 557). Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.