■ HELEN HENNESSY, Respondent, v PALMER VIDEO et al., Appellants. [655 NYS2d 995] —In an action to recover damages for personal injuries, (1) the defendant Palmer Video appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated March 27, 1996, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (2) the defendant Hylan-Seaver Mall, Inc., separately appeals from so much of the same order as denied its motion for the same relief.

Ordered that the order is reversed insofar as appealed from by Palmer Video, on the law, without costs or disbursements, Palmer Video's motion for summary judgment is granted, and the complaint and all cross claims insofar as asserted against it are dismissed; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Hylan-Seaver Mall, Inc., without costs or disbursements.

As the plaintiff exited the defendant Palmer Video's premises, she slipped and fell on the snow-covered sloped portion of the driveway of a parking lot which was owned, maintained, and controlled by the defendant Hylan-Seaver Mall, Inc. It was snowing at the time.

Palmer Video was entitled to summary judgment in its favor. It is well established that " '[L]iability for a dangerous or defective condition on property is generally predicated upon ownership, occupancy, control or special use of the property * * * Where none is present, a party cannot be held liable for injuries caused by the dangerous or defective condition of the property' " (Minott v City of New York, 230 AD2d 719, 720; see also, Turrisi v Ponderosa, Inc., 179 AD2d 956, 957, citing Balsam v Delma Eng'g Corp., 139 AD2d 292, 296-297). An exception to this rule exists where the owner of the abutting property created or contributed to the dangerous condition

*(see, Vought v Hemminger,* 220 AD2d 580; *Herbert v Rodriguez,* 191 AD2d 887). Here, there was no evidence that Palmer Video designed, constructed, owned, or controlled the sloped driveway where the plaintiff fell, or that it contributed to the icy condition of the driveway. Accordingly, no liability may be imposed upon Palmer Video *(see, Herbert v Rodriguez, supra; Gibson v Veley,* 192 AD2d 826).

However, the court properly denied the motion of Hylan-Seaver Mall, Inc., for summary judgment insofar as there exist triable issues of fact as to its alleged negligent design and construction of the sloped driveway. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.