■ Ray Hindin et al., Respondents, v Dean Maffei et al., Respondents, Arba Food Corp., Doing Business as Three Guys

LUNCHEONETTE AND CONVENIENCE, Appellant, et al., Defendant. [674 NYS2d 731] —In an action to recover damages for personal injuries, etc., the defendant Arba Food Corp. d/b/a Three Guys Luncheonette and Convenience appeals from an order of the Supreme Court, Kings County (Greenstein, J.), dated December 16, 1997, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims insofar as asserted against the defendant Arba Food Corp. d/b/a Three Guys Luncheonette and Convenience are dismissed, and the action against the remaining defendants is severed.

The plaintiff Ray Hindin allegedly sustained injuries when she slipped and fell on an area of ice in the parking lot of a shopping center owned by the defendants Dean Maffei and Andrew Maffei d/b/a Tiffany Realty Co. The appellant Arba Food Corp. d/b/a Three Guys Luncheonette and Convenience (hereinafter Arba) leases a store in the shopping center.

The Supreme Court improperly denied Arba's motion for summary judgment. The record demonstrates that Arba neither owned, occupied, controlled, nor made special use of the area of the parking lot in which the injured plaintiff slipped and fell (*see, Hennessy v Palmer Video,* 237 AD2d 571; *Minott v City of New York,* 230 AD2d 719; *Turrisi v Ponderosa, Inc.,* 179 AD2d 956; *Balsam v Delma Eng'g Corp.,* 139 AD2d 292, 296-297). The evidence further demonstrates that Arba did not create or contribute to the alleged dangerous condition (*see, Hennessy v Palmer Video, supra*).

The plaintiffs' remaining contention is without merit. O'Brien, J. P., Thompson, Friedmann and Goldstein, JJ., concur.