■ JOSEPH LEONARDIS, Respondent, v VILLAGE OF MT. KISCO et al., Respondents, GREGORY JUDGE et al., Appellants, et al., Defendants. [675 NYS2d 303] —In an action to recover damages for personal injuries, the defendants Gregory Judge and Ethel Knapp separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered July 25, 1997, as denied their respective cross motions for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them and granted that branch of the cross motion of the defendants Village of Mt. Kisco and John Pierpont which was for summary judgment dismissing all cross claims insofar as asserted against them. The appeal brings up for review so much of an order of the same court, entered September 19, 1997, as, upon reargument, adhered to the original determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order entered July 25, 1997, is dismissed, as that order was superseded by the order entered September 19, 1997, made upon reargument, and it is further,

Ordered that the order entered September 19, 1997, is modified by deleting the provision thereof granting that branch of the cross motion of the defendants Village of Mt. Kisco and John Pierpont which was for summary judgment dismissing all cross claims insofar as asserted against them and substituting therefor a provision denying that branch of the cross motion of those defendants; as so modified, the order is affirmed insofar as reviewed, and it is further,

Ordered that the appellants Gregory Judge and Ethel Knapp are awarded one bill of costs payable by the defendants-respondents.

The plaintiff was injured when he slipped on ice which allegedly formed as a result of a leak in a sewer line running from the homes of the appellants and another defendant. All of the defendants, including the Village of Mt. Kisco (hereinafter the Village) and the Village Manager, John Pierpont, denied ownership or control of the allegedly defective sewer line.

The Supreme Court correctly denied the appellants' cross motions for summary judgment dismissing the complaint insofar as asserted against them (*see, Herbert v Rodriguez,* 191 AD2d 887; *Brady v Maloney,* 161 AD2d 879; *Roark v Hunting,* 28 AD2d 1190). However, the court erred in dismissing the cross claims asserted by the appellants against the Village and John Pierpont inasmuch as there are questions of fact as to whether they owned or controlled the allegedly defective sewer line, or whether the Village should be estopped from denying such ownership or control (*see, Zuckerman v City of New York,* 49 NY2d 557, 560; *see generally, Stoddard v Village of Saratoga Springs,* 127 NY 261).

To the extent that the parties' remaining contentions are properly before us, we find them to be without merit. Bracken, J. P., Pizzuto, Altman and Luciano, JJ., concur.