OPINION OF THE COURT
Daniel Palmieri, J.
The motion of defendant Vigliotti Enterprises for summary judgment pursuant to CPLR 3212 is granted and as to said defendant only, the complaint and all cross claims are dismissed.
This is an action for personal injuries sustained by plaintiff Giovanni Portelli and his wife, Carmela Portelli, derivatively as a result of an accident which took place on August 23, 1999, at approximately 7:45 a.m., on the south side of Railroad Avenue, west of Urban Avenue, in Nassau County.
Plaintiff, a landscape contractor, had lawfully parked his truck in a parking space facing east on Railroad Avenue, just west of its intersection with Urban Avenue. Plaintiffs vehicle was 1 of approximately 30 vehicles parked in such a manner, who were waiting to gain access to defendant’s transfer station, located on the east side of Urban, for the purpose of dumping organic material at defendant’s premises. The defendant’s business was conducted from 7:00 a.m. to 5:00 p.m. and plaintiff, a long-time customer, and others similarly situated were by signs and past practice required to line up on Railroad until the transfer station opened and then proceed as directed by employees of defendant, east along Railroad to Urban, turn right (southbound) onto Urban and then turn left or easterly into the defendant’s yard.
Plaintiff has no memory of the accident itself; however, it is not controverted that plaintiff was parked in about the middle of the line before 7:00 a.m. and before the premises were opened or the line moving when he exited his truck and was struck by a vehicle traveling easterly on Railroad, which was owned by defendant Contreras and operated by defendant Garcia.
Railroad Avenue was wide enough to accommodate two lanes, one in each direction for travel, a parking lane where plaintiff was located and on the north side room for perpendicular parking. Garcia was traveling at 20 miles per hour, with an unobstructed view of the scene, when plaintiff suddenly emerged from his truck and was hit. Garcia was unable to stop in time or because of oncoming traffic, unable to swerve around plaintiff and states, “I was driving by, he opened the door and then I struck him and then I stop immediately.” Again, “By the time he opened the door, I was already there. I didn’t have the *219 chance to make any maneuver as there was another car passing to my left.” The other car was in its own lane going westbound. In sum plaintiff opened his door as Garcia’s vehicle was upon him and there was no way to avoid contact.
Defendant contends that it did not owe a duty of care to the plaintiff and that even if it did, the intervening conduct of the plaintiff and other defendant Garcia were the causes of the accident. Plaintiff submits that defendant, as a property owner in a business relationship, had a duty to the plaintiff to provide safe access as an extension of its duty to provide a safe premises, that there was an unsafe condition present in the manner in which plaintiff was required to wait on line and that defendant was negligent. Plaintiff relies in part on chapter 48, article IV, § 48-11.1 of the North Hempstead Town Code which, except for purposes of access thereto, prohibits use of a public street in connection with or in furtherance of a business trade or occupation and on the opinions of two experts, an engineer and architect, who attest that an unsafe condition was created by the lineup of vehicles and the insufficient width of the road.
Actionable negligence arises from a breach of a legal duty owing to a person who is damaged thereby (Strauss v Belle Realty Co., 65 NY2d 399 [1985]; Pulka v Edelman, 40 NY2d 781 [1976]), and whether a defendant owes a duty of care to a plaintiff is entirely a question of law to be determined by the court in the first instance. (Darby v Compagnie Natl. Air France, 96 NY2d 343 [2001]; Di Ponzio v Riordan, 89 NY2d 578 [1997].)
In performing this function courts are required to make an assessment of what is socially, culturally and economically acceptable (532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280 [2001]), and forseeability of harm alone does not necessarily define or create a duty (supra). Only after it has been determined that a duty exists, does the concept of forseeability arise for the purpose of defining the scope of the duty (Pulka v Edelman, supra).
As to foreseeability where facts are not in dispute and only one inference may be drawn, the court may determine the issue. (Rivera v City of New York, 11 NY2d 856 [1962].)
Landowners have a duty to act reasonably in maintaining their property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury and the burden of avoiding the risk. (Di Ponzio v Riordan, 224 AD2d 139, 141 [4th Dept 1996, Wes *220 ley, J.], affd 89 NY2d 578 [1991], citing Basso v Miller, 40 NY2d 233, 241.) A landowner does have a duty to take reasonable precaution to secure its premises if it knows or has reason to know that there is a likelihood of conduct on the part of third persons which is likely to endanger the safety of users of the premises. (Di Ponzio v Riordan, supra at 142.)
The duty to control the conduct of others may arise where there is a relationship between the defendant and the person who threatens the harm or where there is a relationship between the defendant and the person exposed to the harm which requires the defendant to afford protection from certain dangers including the conduct of others. Here there was no relationship between the defendant and codefendant Garcia, but there was a relationship between the plaintiff and defendant; however, the relationship which gives rise to a duty has been said to have been one which is not tenuous, but one such as the duty of a carrier which may be implied from the contract of carriage (Pulka v Edelman, supra at 783-784). In Pulka (supra) there was no duty from a parking garage to a pedestrian, Margolin v Friedman (43 NY2d 982 [1978]) dealt with an accident at a car wash and Purdy v Public Adm’r of County of Westchester (72 NY2d 1 [1988]) dealt with the duty of a nursing home to control one of its patients. In Di Ponzio v Riordan (supra), a duty to control a patron on the premises of defendant was found but foreseeability of risk was absent. It has been held that a gasoline service station owed no duty to its patrons to direct traffic within the station. (Stone v Williams, 97 AD2d 509 [2d Dept 1983]; see also Strauss v Belle Realty, supra.)
Recently the Court of Appeals again expressed reluctance to extend the existence of a duty beyond previously circumscribed boundaries. (Darby v Compagnie Natl. Air France, supra; 532 Madison Ave. Gourmet Foods v Finlandia Ctr., supra.)
Here the defendant had no duty to the plaintiff to assure the safety of the area where plaintiff was parked while waiting to attain access to the defendant’s facility, before opening for business, and the court is not willing to extend or find a duty beyond the boundaries or borders of defendant’s property and into the public highways. While plaintiff was required to stand in line, plaintiff was not compelled to use defendant’s facility at any particular time of the day and it would be unreasonable to require a landowner to assume a duty to its customer for conditions outside the land and at times when the premises are not open for commerce.
*221 The town ordinance does not impose an affirmative duty on the defendant, but rather seeks to prevent the use of streets for the conduct of business and use of the town’s streets for access to a business enterprise is specifically permitted, hence there was no violation. Moreover, a violation of a statute cannot establish liability if the statute is intended to protect against a particular hazard and a hazard of a different kind is the occasion of the injury. (Rocovich v Consolidated Edison Co., 78 NY2d 509 [1991].) Here, the obvious purpose of the ordinance is to keep the streets available for public use.
If there was a duty owed to plaintiff by defendant, there is nevertheless, as a matter of law, the absence of a causal connection between any alleged breach of duty and the injury causing event. While not every intervening act of a third person will relieve a negligent party from liability, there are instances where questions of legal causation may be decided as a matter of law. (Derdiarian v Felix Contr. Corp., 51 NY2d 308 [1980].)
Although proximate cause is usually a question of fact, where as here there is no dispute concerning the factual circumstances leading to the accident and only one conclusion may be drawn from those facts, the issue may be decided by the court as a matter of law. A plaintiffs intervening conduct or that of a third party can break the chain of causal connection between a defendant’s breach of duty and an ensuing injury to a plaintiff so as to relieve a defendant from liability for negligence. (Feeley v Citizens Telecom. Co., 298 AD2d 745 [3d Dept 2002].) Moreover, where a party merely furnishes the occasion for an accident but does not cause it, liability may not be imposed. (Katz v Klagsbrun, 299 AD2d 317 [2d Dept 2002]; Siegel v Boedigheimer, 294 AD2d 560 [2d Dept 2002]; Bonsera v Universal Recycling Servs. Corp., 269 AD2d 483 [2d Dept 2000]; see also Margolin v Friedman, supra.)
Here, the sole causes of the accident were the negligent conduct of plaintiff and Garcia and not any conduct of defendant. Garcia had a duty to see what was there to be seen and avoid a collision and plaintiff was required to comply with Vehicle and Traffic Law § 1214 which provides in substance that no person shall open the door of a motor vehicle on the side available to moving traffic, unless it is reasonably safe to do so (cf. Ferguson v Gassman, 229 AD2d 464 [2d Dept 1996]).
The theories of plaintiffs experts that a hazardous condition was created because of the width of the street are speculative (Omer v Rodriguez, 294 AD2d 202 [1st Dept 2002]), and speculation grounded in theory rather than fact is insufficient *222 to defeat a motion for summary judgment. (Leggio v Gearhart, 294 AD2d 543 [2d Dept 2002].) Essentially the experts claim that the roadway was too narrow to permit parking and they speculate that if it were wider there would have been no accident. These opinions in effect say that parking on Railroad Avenue should not have been permitted despite the circumstances that parking was lawful and defendant lacked the means to prohibit same. The reliance by the experts on the town ordinance referred to above is not persuasive since the opinions are based on an incorrect reading of the ordinance.
Moreover, the opinions of the experts are of no consequence. Whether there was a duty to the plaintiff or whether a breach of duty was a proximate cause are the ultimate issues in the case, to be decided in the first instance by the court. Where the opinions of experts intrude on the province of the court or jury such opinions should be rejected. (Singh v Kolcaj Realty Corp., 283 AD2d 350 [1st Dept 2001].)