GIOVANNI PORTELLI et al., Appellants, v BERNARDO A. GARCIA et al., Defendants, and VIGLIOTTI ENTERPRISES, LLC, Respondent. [777 NYS2d 674]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Palmieri, J.), entered March 10, 2003, which, inter alia, granted the motion of the defendant Vigliotti Enterprises, LLC, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

Absent a duty of care to the person injured, a party cannot be held liable in negligence (*see Palsgraf v Long Is. R.R. Co.,* 248 NY 339, 342 [1928], *rearg denied* 249 NY 511 [1928]). Here, the defendant Vigliotti Enterprises, LLC, did not owe the injured plaintiff a duty of care with respect to the safety of the off-site area where the accident occurred (*see Azriliant v Newfy, Inc.,* 229 AD2d 411, 411-412 [1996]; *Balsam v Delma Eng'g Corp.,* 139 AD2d 292, 298 [1988]). While an exception to the rule exists where the owner of the abutting property makes a special use of the adjacent premises or creates or contributes to the dangerous condition (*see Vought v Hemminger,* 220 AD2d 580, 582 [1995]; *Herbert v Rodriguez,* 191 AD2d 887 [1993]; *Balsam v Delma Eng'g Corp., supra),* contrary to the plaintiffs' contention, a "common occurrence [such] as a line of waiting cars on the public thoroughfare outside a car wash, parking lot or other facility open to the public" does not constitute a special use of the public street (*Balsam v Delma Eng'g Corp., supra* at 299).

The plaintiffs' remaining contentions are without merit. Prudenti, P.J., Krausman, Townes and Spolzino, JJ., concur. [*See* 195 Misc 2d 217.]