■ ZOYA GALPERINA, Respondent, v MORDECHAI MANDELBAUM et al., Defendants, and YESHIAH FEINROTH, Appellant. [813 NYS2d 122]—

In an action to recover damages for personal injuries, the de-

fendant Yeshiah Feinroth appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated September 15, 2004, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

A Sukkah, a religious structure, blocked the front entrance of the house of the defendant Yeshiah Feinroth (hereinafter the defendant). The plaintiff, not wanting to disturb the people praying inside the Sukkah, sought to gain access into the house by walking through a neighboring property, which was not owned by the defendant. While the plaintiff was descending the stairs located on the neighbor's property, she tripped and fell, and was injured. The plaintiff then initiated the present action against, among others, the defendant. She alleged that since the front entrance of the defendant's house was blocked, she was forced to climb the stairs located on the adjoining property.

Generally, an owner of property owes no duty of care to others to warn them of, or protect them from, a defective or dangerous condition on neighboring premises (*see Galindo v Town of Clarkstown,* 2 NY3d 633 [2004]). The defendant had no duty to warn the plaintiff of the alleged defective condition on his neighbor's property. Further, since the defendant did not create or contribute to the defective condition, no liability may be imposed upon him (*see Vought v Hemminger,* 220 AD2d 580 [1995]). Accordingly, the defendant's motion for summary judgment should have been granted. Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.