■ Guarav Bhandari et al., Appellants-Respondents, v Marcellino Isis et al., Defendants, City of New York, Respondent, and Carmela Novellino, Appellant. [846 NYS2d 266]—

In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), entered July 6, 2006, as granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Carmela Novellino separately appeals from so much of the same order as denied that branch of her motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against her in her capacity as executrix of the estate of Angelina DeFranco.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendant Carmela Novellino which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against her in her capacity as executrix of the estate of Angelina DeFranco and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendant City of New York and the defendant Carmela Novellino, in her capacity as executrix of the estate of Angelina DeFranco, payable by the plaintiffs.

The infant plaintiff Guarav Bhandari lived in a two-family home owned by the estate of Angelina DeFranco, situated next door to a home owned by the defendant Marcellino Isis, which had a swimming pool installed in its backyard. While a three-foot fence divided the backyards of the two homes, there was no gate installed on Isis's property to block access to his swimming pool from an adjacent alleyway. Before the accident, Isis had torn down an old fence previously installed along the property line separating the two properties, as well as a latching gate that had been erected on his property.

A complaint had been registered with the New York City Department of Buildings (hereinafter the Department) in July 2000 that the swimming pool was being constructed without a permit. On October 22, 2000 the infant plaintiff was severely injured when he fell into Isis's swimming pool. Although the Department marked the complaint a "priority B," requiring action within 40 days, it did not investigate the complaint until

the day after the accident, several weeks after the 40-day period lapsed, at which time the Department issued a notice of violation against Isis for his failure to install a proper gate near the swimming pool. The infant plaintiff thereafter entered into a persistent vegetative state as a result of the accident and his parents Arun Bhandari and Vijay Bhandari commenced this action.

Contrary to the plaintiffs' contention, Administrative Code of the City of New York § 27-493 (b) contains no implied private right of action against the City based on its failure to investigate a code violation. Where, as here, a statute does not expressly authorize a private right of action, "[o]ne may be fairly implied when (1) the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) recognition of a private right of action would promote the legislative purpose of the governing statute; and (3) to do so would be consistent with the legislative scheme" (*Pelaez v Seide,* 2 NY3d 186, 200 [2004]). A review of the relevant provisions of the Administrative Code indicates that allowing such a private right of action would be inconsistent with the legislative scheme (*see Pelaez v Seide,* 2 NY3d at 201; *Sheehy v Big Flats Community Day,* 73 NY2d 629, 634-635 [1989]). The remaining statutes and regulations cited by the plaintiffs are inapplicable here. Accordingly, the Supreme Court properly granted the City's motion for summary judgment dismissing the complaint insofar as asserted against it.

A landowner has a duty to exercise reasonable care in maintaining his or her property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property (*see Kurshals v Connetquot Cent. School Dist.,* 227 AD2d 593 [1996]). As a general matter, an owner owes no duty to warn others of, or to protect others from, a defective or dangerous condition on neighboring premises, unless the owner created or contributed to it (*Galindo v Town of Clarkstown,* 2 NY3d 633, 636 [2004]; *Galperina v Mandelbaum,* 27 AD3d 520, 521 [2006]). However, it is possible that "some dangers from neighboring property might be so clearly known to the landowner, though not open or obvious to others, that a duty to warn would arise" (*Galindo,* 2 NY3d at 637). Here, the estate of Angelina DeFranco did not cause or contribute to the dangerous condition on the neighboring property, and the danger posed by the swimming pool on that property did not give rise to a duty on the part of the estate of Angelina DeFranco to the infant plaintiff.

Accordingly, inasmuch as there can be no liability in the absence of duty (see *Pulka v Edelman,* 40 NY2d 781, 782 [1976]; *Spallholtz v Hampton C.F. Corp.,* 294 AD2d 424 [2002]), the Supreme Court should have granted that branch of the cross motion of the defendant Carmela Novellino which was for summary judgment dismissing the complaint insofar as asserted against her in her capacity as executrix of the estate of Angelina DeFranco. Spolzino, J.P., Ritter, Covello and Dickerson, JJ., concur.