In an action to recover damages for personal injuries, etc., the defendant Spring Creek, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated February 14, 2008, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendants Deluxe Transportation, Inc., and Willets Management Systems, Inc., separately appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which *595 was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the plaintiffs to the defendant-appellant and the defendants-appellants appearing separately and filing separate briefs, and that branch of the motion of the defendant Spring Creek, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and that branch of the motion of the defendants Deluxe Transportation, Inc., and Willets Management Systems, Inc., which was for summary judgment dismissing the complaint and cross claims insofar as asserted against them are granted.
On August 5, 2005, at approximately 5:00 p.m., the injured plaintiff, who lived in Port Washington and had just returned to Port Washington on a train, went to a taxi service in a building located near the train station. The defendant Spring Creek, Inc. (hereinafter Spring Creek), owned that building. The defendants Deluxe Transportation, Inc., and Willets Management Systems, Inc. (hereinafter Deluxe and Willets), allegedly leased the building and operated the taxi service.
After requesting a taxi, and being told that one was available for her, the injured plaintiff left the building, and began walking on a public sidewalk in front of the building towards a taxi waiting for her in a parking lot. As she stepped off of the sidewalk to get into the taxi, the heel of one of her shoes became stuck in a crevice between two “Belgium blocks” running along the edge of the sidewalk. The injured plaintiff fell forward onto the pavement, allegedly sustaining injury as a result.
The injured plaintiff and her husband, derivatively, then commenced this action. Following the completion of discovery, Deluxe and Willets moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendant Spring Creek separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In the order appealed from, the Supreme Court denied those motions. We reverse.
The owner or lessee of land abutting a public sidewalk owes no duty to keep the sidewalk in a safe condition (see Lowenthal v Theodore H. Heidrich Realty Corp., 304 AD2d 725, 726 [2003]; Lattanzi v Richmond Bagels, 291 AD2d 434 [2002]). Liability may only be imposed on the abutting owner or lessee for injuries sustained as a result of a dangerous condition in the sidewalk where the abutting owner or lessee “either created the condition, voluntarily but negligently made repairs, caused the condition to occur because of some special use, or violated a statute *596 or ordinance placing upon the owner or lessee the obligation to maintain the sidewalk which imposes liability upon that party for injuries caused by a violation of that duty” (Lowenthal v Theodore H. Heidrich Realty Corp., 304 AD2d at 726).
On their respective motions for summary judgment, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not create the allegedly defective condition at issue, negligently make repairs, cause the condition to occur because of some special use, or violate a statute or ordinance placing upon them the obligation to maintain the sidewalk which imposed liability upon them for injuries caused by a violation of that duty (see Lowenthal v Theodore H. Heidrich Realty Corp., 304 AD2d at 726). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs’ contention, the mere fact that the taxi service’s patrons used the sidewalk to get to the taxi service’s taxis was insufficient to establish that the defendants made a special use of the sidewalk (see Sampino v Crescent Assoc., LLC, 34 AD3d 779, 781-782 [2006]; Portelli v Garcia, 8 AD3d 252 [2004]; Roe v City of Poughkeepsie, 229 AD2d 568, 569 [1996]; Tortora v Pearl Foods, 200 AD2d 471, 472 [1994]; Balsam v Delma Eng’g Corp., 139 AD2d 292, 298-299 [1988]). Accordingly, the Supreme Court should have granted those branches of the defendants’ respective motions which were for summary judgment.
The defendants’ remaining contentions have been rendered academic in light of our determination. Santucci, J.E, Covello, Leventhal and Belen, JJ., concur. [See 2008 NY Slip Op 30483(11).]