■ BRET CHRISTOPHER, Also Known as BERT CHRISTOPHER, et al., Appellants, v DONATO TRADITI et al., Respondents, et al., Defendant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Viscardi, J.), entered February 21, 1991 in Saratoga County, which, *inter alia,* granted a motion by defendants Donato Traditi and Marie Traditi to dismiss the complaint against them for failure to state a cause of action.

In November 1989, plaintiff Bret Christopher was injured while servicing a swimming pool on property owned by defendants Donato Traditi and Marie Traditi. The injury occurred when a tree located on adjacent property, owned by defendant

Hudson-Sacandaga VFW Post 5836, fell over in the wind. Plaintiffs alleged that the Traditis had notice of the defective condition of the tree (it was dead and rotting) but negligently failed to have it removed.* Supreme Court subsequently granted the Traditis' motion to dismiss the complaint against them pursuant to CPLR 3211. This appeal followed.

We affirm. The Traditis' duty as landowners was to maintain their property in a safe condition, exercising reasonable care under the circumstances (see, Basso v Miller, 40 NY2d 233, 241; Holden v Boyle, 80 AD2d 281, 283-284). We measure the scope of that duty by degrees of foreseeability of harm or injury (see, Hessner v Laporte, 171 AD2d 999). Here, the defective tree in question was located "several feet" from the Traditis' property line. Accordingly, we find that the Traditis were charged with no duty of care to remove it (see, Basso v Miller, supra). To hold otherwise in this particular instance would, in our view, improperly impose a duty where none would be countenanced before (see, Pulka v Edelman, 40 NY2d 781, 786).

Mikoll, Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Plaintiffs subsequently moved to amend their complaint to add a cause of action alleging that the Traditis also breached a duty to warn of the defective tree, the denial of which is not a part of this appeal.