■ JOANNA MACKAIN, Respondent, v LORING PRATT et al., Appellants.—Mikoll, J. Appeal from an order of the Supreme Court (Connor, J.), entered May 8, 1991 in Greene County, which, inter alia, partially denied defendants' motions for summary judgment dismissing the complaint.

The question presented on this appeal is whether defendant Barbara Sayour, a boutique shop operator, and defendant Loring Pratt, owner of the real property on which it is located, owed a duty to warn plaintiff of an uneven portion of the sidewalk in front of the premises. Plaintiff stepped from the shop property onto the public sidewalk and after proceeding a short distance, stepped onto an uneven junction of two sections of sidewalk and fell, sustaining injury.

Supreme Court denied defendants' motions for summary

judgment dismissing the complaint,* finding that triable questions of fact existed as to whether one or both defendants "were negligent in failing to notify business invitees of a dangerous condition with respect to the sidewalk; and in failing to take reaonable *[sic]* precautions to protect plaintiff and/or to provide adequate notice of the condition of the sidewalk to the appropriate municipality so that repairs [could] be made". In our view Supreme Court erred and the motions for summary judgment dismissing the complaint should have been granted in their entirety.

The general rule is the municipality and not the abutting owner is responsible for maintaining a sidewalk in repair *(City of Rochester v Campbell,* 123 NY 405). In order for a defendant to be negligent, a plaintiff must first establish that the defendant owed a duty to the plaintiff *(see, Daversa v Harris,* 167 AD2d 810). There are exceptions to this rule. Where the injury occurs on a public sidewalk, liability may arise if the abutting owner actually created the condition by removing and replacing a portion of the sidewalk *(see, Davenport v Apostol,* 26 AD2d 874, *affd* 22 NY2d 943), or the owner voluntarily but negligently made repairs to the sidewalk *(Malenfont v Hyman,* 5 AD2d 922, *lv denied* 4 NY2d 676; *Neiberg v Remsenburg Realty Corp.,* 1 AD2d 1043, *lv denied* 2 AD2d 692). Those conditions are not present here. Plaintiff fell after leaving defendants' premises when she was completely upon the public sidewalk. There is no evidence that defendants did anything to the sidewalk in the way of maintenance or repair, or that they made a special use of it, and therefore they cannot be held liable merely as the abutting owner and tenant *(see, Noto v Mermaid Rest.,* 156 AD2d 435, 435-436; *see also, Garcia v Arbern Realty Co.,* 89 AD2d 616, 617).

Plaintiff's reliance on *Gallagher v St. Raymond's R. C. Church* (21 NY2d 554) is misplaced. There the plaintiff fell on steps which descended from the school to the sidewalk below. It was around 11:00 P.M., well after dark, and the steps were unlighted. It was there held that the defendant was under a duty to illuminate the exterior stairway. The plaintiff in *Gallagher* was still upon the defendant's property. Plaintiff's reliance on *Love v Clam Box* (35 Misc 2d 436) is also misplaced. There, the plaintiff went out the defendant's door into freshly laid cement. The fresh cement was contiguous to the

---

* Supreme Court did, however, grant defendants' motions to the extent of finding that plaintiff's accident occurred on the sidewalk which defendants were not under any legal obligation to maintain.

door used for ingress and egress and was a trap to the plaintiff. That is not the case here.

Weiss, P. J., Yesawich Jr. and Levine, JJ., concur. Ordered that the order is modified, on the law, with one bill of costs to defendants, by reversing so much thereof as denied the motions for summary judgment dismissing the complaint; motions granted, summary judgment awarded to defendants and complaint dismissed; and, as so modified, affirmed.