■ DONNA PENSABENE et al., Plaintiffs, v INCORPORATED VILLAGE OF VALLEY STREAM et al., Defendants, and THOMAS ZULTOWSKI et al., Defendants and Third-Party Plaintiffs-Respondents. SALVATORE FERRO et al., Third-Party Defendants-Appellants. [609 NYS2d 75] —In a negligence action to recover damages for personal injuries, etc., the third-party defendants appeal from so much of an order of the Supreme Court, Nassau County (Levitt, J.), entered March 13, 1992, as denied their motion for summary judgment dismissing the third-party complaint and all cross claims against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the third-party complaint and all cross claims asserted against the appellants are dismissed.

The injured plaintiff slipped and fell on ice while walking across a portion of a driveway apron in front of a driveway owned by the defendants and third-party plaintiffs Thomas and Clara Zultowski. Another portion of the apron, upon which the injured plaintiff did not fall, serviced the abutting driveway of the third-party defendants Salvatore and Jacqueline Ferro. The plaintiffs commenced suit against, *inter alia,* the Zultowskis, who in turn commenced a third-party action against the Ferros. The Ferros subsequently moved for summary judgment, producing photographic and documentary evidence as well as affidavits and deposition testimony demonstrating that they did not own, possess, control, or maintain the portion of the apron where the injured plaintiff fell. They further averred that they had done nothing to cause or contribute to the icy condition. The Zultowskis opposed the motion, contending that triable issues of fact existed which precluded an award of summary judgment. The Supreme Court denied the motion. We reverse.

It is well settled that, as a general rule, an owner or occupier of abutting property owes no duty of care to others to warn them of or protect them from a defective or dangerous condition on neighboring premises *(see, Gipson v Veley,* 192 AD2d 826; *Mackain v Pratt,* 182 AD2d 967). While an exception to this rule arises where the owner of the abutting property causes or contributes to the condition *(see, e.g., Herbert v Rodriguez,* 191 AD2d 887; *Brady v Maloney,* 161 AD2d 879; *Forelli v Rugino,* 139 AD2d 489), the Ferros estab-

lished their entitlement to judgment as a matter of law by demonstrating that they played no role in the creation or exacerbation of the icy condition *(see generally, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). It was therefore incumbent upon the Zultowskis to lay bare their proof and demonstrate the existence of a triable issue of fact. However, they merely claimed in a conclusory fashion that a factual question existed regarding whether the Ferros were responsible for some unidentified act or omission which caused the formation of the ice. Moreover, relying upon evidence submitted by another party in connection with a cross motion, the Zultowskis presently speculate that the Ferros may have created the icy condition on the apron by shoveling snow at a distant location on their property or by moving a car to the roadway in front of the Ferros' portion of the apron. This conjecture fails to raise a bona fide issue of fact linking the Ferros to the icy condition and constitutes "mere conclusions, expressions of hope or unsubstantiated allegations" *(Zuckerman v City of New York,* 49 NY2d 557, 562) which are patently inadequate to withstand a motion for summary judgment *(see, e.g., Gipson v Veley, supra; Feinman v Cantone,* 192 AD2d 577; *McGill v Caldors, Inc.,* 135 AD2d 1041). Accordingly, the Ferros are entitled to summary judgment.

We do not reach the contention of the Ferros regarding the inclusion of certain material in the respondents' brief, inasmuch as consideration of that material would not alter our conclusion that no genuine triable issue of fact has been raised. Miller, J. P., Copertino, Santucci and Goldstein, JJ., concur.