■ BARBARA KAUFMAN et al., Respondents, v EVELYN SILVER et al., Appellants. [642 NYS2d 73] —In an action to recover damages for personal injuries, etc., the defendants appeal from (1) an order of the Supreme Court, Nassau County (DeMaro, J.), dated March 2, 1995, which denied their motion for summary judgment, and (2) an order of the same court dated May 15, 1995, which denied their motion to reargue.

Ordered that the appeal from the order dated May 15, 1995, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 2, 1995, is reversed, on the law, and the defendants' motion for summary judgment dismissing the complaint is granted; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff Barbara Kaufman tripped and fell on a ramp which was owned by Pergament Home Center and which was adjacent to a shopping center owned by the defendants.

It is well settled that the owner of abutting property owes no duty to warn or repair defective or dangerous conditions on neighboring property (*see, Pensabene v Incorporated Vil. of Val. Stream,* 202 AD2d 486; *Gipson v Veley,* 192 AD2d 826; *Mackain v Pratt,* 182 AD2d 967). While an exception to this rule applies when the abutting property owner causes or contributes to the dangerous or defective condition on the abutting property (*see, Pensabene v Incorporated Vil. of Val. Stream, supra; see, e.g., Forelli v Rugino,* 139 AD2d 489; *Herbert v Rodriguez,* 191 AD2d 887; *Brady v Maloney,* 161 AD2d 879), where the defendants, as in this case, have demonstrated that they played no role in the creation or exacerbation of the condition,

they are entitled to summary judgment (*see, Pensabene v Incorporated Vil. of Val. Stream, supra; see generally, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.