■ ANTHONY ANDINO, Respondent, v STANLEY STAHL et al., Defendants, FRANK PIETROPINTO, Respondent, and OTIS ELEVA-

tor Company, Appellant. [669 NYS2d 846] —In a negligence action to recover damages for personal injuries, the defendant Otis Elevator Company appeals from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated August 28, 1997, as denied that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the appellant's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted, the complaint and all cross claims are dismissed insofar as asserted against Otis Elevator Company, and the action against the remaining defendants is severed.

It is well settled that where a movant has demonstrated his or her initial entitlement to judgment as a matter of law, the opponent must show facts sufficient to require a trial and must make that showing by evidentiary proof in admissible form (*see, Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065). The evidence submitted by the defendant Otis Elevator Company was sufficient to establish that it did not own, operate, manage, or control the elevator for at least two decades prior to the plaintiff's accident (*see, Cruz v Otis El. Co.*, 238 AD2d 540; *Samanski v Otis El. Co.*, 216 AD2d 376; *Quiles v New York City Hous. Auth.*, 97 AD2d 505). The affirmations submitted in opposition by the attorneys for the plaintiff and the defendant Frank Pietropinto fail to raise any question of fact concerning Otis's liability for the plaintiff's injury. O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur. [As amended by unpublished order entered May 27, 1998.]