■ KELLY GEHLER et al., Respondents, v CITY OF NEW YORK et al., Respondents, and MOUNT CARMEL CEMETERY ASSOCIATION, Appellant. [692 NYS2d 397] —In an action to recover damages for personal injuries, etc., the defendant Mount Carmel Cemetery Association appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated February 17, 1998, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The infant plaintiff was injured when the car in which she

was a passenger went out of control and struck a wall adjacent to the property owned by the appellant Mount Carmel Cemetery Association (hereinafter the Cemetery). The Supreme Court denied the Cemetery's motion for summary judgment as premature pending the conclusion of discovery, stating that it could not determine the ownership of the wall. We reverse.

It is well settled that an owner or occupier of abutting property owes no duty of care to others to warn them of or protect them from a defective or dangerous condition on neighboring premises (*see, Pensabene v Incorporated Vil. of Val. Stream,* 202 AD2d 486; *see also, Gipson v Veley,* 192 AD2d 826; *Mackain v Pratt,* 182 AD2d 967). Here, assuming that the wall in question may have presented a risk to travelers, the Cemetery demonstrated by proof in admissible form that the wall is located upon property belonging to the defendant City of New York. The City failed to raise an issue of fact in this regard, and its speculation that the Cemetery may have created the allegedly dangerous condition is "patently inadequate to withstand a motion for summary judgment" (*Pensabene v Incorporated Vil. of Val. Stream, supra,* at 487).

Accordingly, the Cemetery was entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against it (*see, Andino v Stahl,* 248 AD2d 338; *Sorrentino v Wild,* 224 AD2d 607; *Alberti v Rydill,* 152 AD2d 520). Santucci, J. P., Krausman, Goldstein and Feuerstein, JJ., concur.