■ JACQUELINE GALINDO, Appellant, v TOWN OF CLARKSTOWN, Defendant, and C. RICHARD CLARK, Respondent. [759 NYS2d 757] —In an action to recover damages for wrongful death, etc., the plaintiff appeals from so much of an order of the Supreme Court, Rockland County (O'Rourke, J.), dated September 26, 2001, as granted that branch of the motion of the defendant C. Richard Clark which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

On the afternoon of June 6, 1999, the defendant C. Richard Clark left his house, located in the Town of Clarkstown, and observed the plaintiff's car parked in his driveway. The plaintiff performed cleaning services for Clark and he had greeted her earlier that morning. When he returned home, Clark saw that an approximately 80-foot-tall ash tree, which was located on the adjoining property, had fallen and crushed the car. The plaintiff was near the car and an unidentified woman was attempting to reach into the car to administer CPR to the plaintiff's husband who was trapped inside. Unfortunately, the plaintiff's husband died as a result of the accident. It is undisputed that four days prior thereto a storm had uprooted trees and caused damage throughout the Town. It is also undisputed that in the time period between the storm and the accident, Clark observed that the ash tree was leaning, reported the condition to Town employees working in the area, and left voice mail messages concerning the tree for the Town's Supervisor of Highways.

The plaintiff commenced this action against the Town and Clark. With respect to the latter, the plaintiff alleged, inter alia, that Clark breached a duty to warn her of the dangerous condition created by the ash tree. Clark moved for summary judgment dismissing the complaint insofar as asserted against him, arguing that he did not owe a duty to warn because the ash tree was not located on his property, but rather upon the adjacent property. The Supreme Court agreed and granted Clark's motion. We affirm.

It is well settled that a landowner owes "a duty to exercise reasonable care in maintaining his [or her] property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential

injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property" (*Kurshals v Connetquot Cent. School Dist.,* 227 AD2d 593 [1996]; *see Basso v Miller,* 40 NY2d 233, 241 [1976]; *Doyle v State of New York,* 271 AD2d 394 [2000]; *Rovegno v Church of the Assumption,* 268 AD2d 576 [2000]). However, a landowner does not owe a duty to those who are lawfully upon his or her property to warn them against defective or dangerous conditions which emanate from outside that property (*see Pensabene v Incorporated Vil. of Val. Stream,* 202 AD2d 486 [1994]; *Gipson v Veley,* 192 AD2d 826 [1993]; *Mackain v Pratt,* 182 AD2d 967 [1992]).

Moreover, it is neither rational nor prudent to impose such a duty to warn upon a property owner. Not only would this duty create an unreasonably onerous burden upon the owner, but it is difficult to discern how the line would be drawn with respect to when a condition existing upon one piece of property becomes a dangerous or defective condition upon the neighboring land. For example, in the case at bar, the conclusion reached by our dissenting colleagues would require the property owner to determine the "anticipated fall line" of the tree onto his property as well as the "zone of danger" for his visitors. Would the property owner still be subject to liability if his determinations proved to be incorrect; if the tree did not fall as "anticipated," and/or if it turned out that a more expansive zone of danger should have been contemplated? While it could be argued that the situation presented by this case may have been somewhat apparent, and the circumstances are undeniably tragic, nevertheless, we are unpersuaded that an owner of abutting property owes a "duty of care to others to warn them of or protect them from a defective or dangerous condition on neighboring premises" (*Gehler v City of New York,* 261 AD2d 506, 507 [1999]).

Accordingly, inasmuch as there can be no liability in the absence of duty (*see Pulka v Edelman,* 40 NY2d 781 [1976]; *Spallholtz v Hampton C.F. Corp.,* 294 AD2d 424 [2002]), the Supreme Court properly granted Clark's motion for summary judgment dismissing the complaint insofar as asserted against him. Santucci, J.P., Schmidt, and Mastro, JJ., concur.

Ritter, J., dissents and votes to reverse the order and deny that branch of the respondent's motion which was for summary judgment dismissing the complaint insofar as asserted against him, with the following memorandum in which Goldstein, J., concurs: We believe that the defendant property owner C. Richard Clark had a duty to warn the plaintiff (his housekeeper) that her car was parked directly in the anticipated fall

line of a storm-damaged 80-foot tree located just feet away from his property line on adjacent property. Therefore, we dissent from the majority's affirmance of the grant of summary judgment to Clark.

The duty of care owed by a property owner to those on his or her property encompasses the duty to warn of a dangerous or defective condition on the property (*see Stemberga v Term Sec. Corp.,* 292 AD2d 372 [2002]; *Doyle v State of New York,* 271 AD2d 394 [2000]; *Moriello v Stormville Airport Antique Show & Flea Mkt.,* 271 AD2d 664 [2000]). Here, the 80-foot ash tree in question had been severely damaged by a storm and presented such a danger to Clark's home and vehicles that he complained to town employees and a town official concerning the same on three occasions in the days preceding the accident. On the day of the tragic event, Clark was aware that the plaintiff had parked her car in the anticipated fall line of the tree. Yet he did not warn her of the danger of which he was so keenly aware. When the tree fell it landed on the plaintiff's car killing her husband (the decedent) who was a passenger in the car. In affirming the grant of summary judgment to Clark, the majority relies on the fact that the trunk of the tree was located on adjacent property several feet away from Clark's property line. Authority for this analysis is said to be found in the line of cases that hold a property owner may not be held liable for an injury occurring on adjacent property arising from a dangerous or defective condition on such property (*see Gehler v City of New York,* 261 AD2d 506 [1999]; *Pensabene v Incorporated Vil. of Val. Stream,* 202 AD2d 486 [1994]; *Gipson v Veley,* 192 AD2d 826 [1993]; *Mackain v Pratt,* 182 AD2d 967 [1992]; *but compare Leone v City of Utica,* 66 AD2d 463 [1979], *affd* 49 NY2d 811 [1980]; *Scurti v City of New York,* 40 NY2d 433 [1976]; *Licato v Eastgate,* 118 AD2d 904 [1986]). Here, the plaintiff's sole argument is that Clark failed to warn of the dangerous and defective condition *on his property* created by the ash tree (*cf. Christopher v Traditi,* 178 AD2d 807 [1991]). Accordingly, we suggest a different analysis. Our focus is on the duty of a property owner to warn of a known danger that is likely to lead to injury or death on his or her property if the visitor takes up a position in that zone of danger. It makes no difference that the instrument of injury or death is located on adjacent property if the consequence of its fall is injury or death *occurring on the owner's property*. Under such circumstances, we believe that a duty to warn should be imposed.