Chief Judge Kaye (dissenting).
We are unanimous in two respects—one procedural, one substantive. Procedurally, this is a summary judgment motion, where we need determine only whether triable issues of fact exist permitting the case to proceed to trial. Substantively, we all agree on the governing legal standard: A landowner owes a duty to prevent foreseeable injuries by exercising reasonable care in maintaining his or her property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk and the foreseeability of a potential plaintiffs presence on the property (see Basso v Miller, 40 NY2d 233, 241 [1976]). This duty includes a duty to warn of potentially dangerous conditions on the property, unless such conditions are open and obvious.
In granting defendant summary judgment, however, the Court now concludes as a matter of law that the duty to warn a visitor of a known danger exists when the source of the danger arises on one’s own property, but not when it originates inches over the property line. I cannot join in this rule.
To my mind, what matters is not the source of the danger but the locus of the risk of injury—here plainly situated on defendant’s property, as defendant acknowledges he knew. Defendant admitted that
• he reported to the Clarkstown Highway Department that the tree “looked to me to be threatening to do some damage to, A, either my property or the road or power lines”; and
• he placed a second phone call with “a little more urgency because I felt the tree had gotten worse”; and
• the tree “looked to me to be a problem, a serious problem” and appeared “wounded enough to cause concern about its ultimate fate”; and
*639 • “[i]t looked like there was a possibility it would come down.”
Defendant further testified that he informed the Highway Department that the tree might present a hazard to his house and that in order for the tree to fall and strike his house, “fi]t would have fallen straight down the line of the driveway.” (Emphasis added.) In fact, the tree that crushed Mr. Galindo to death did indeed fall straight down the line of the driveway and, as anticipated, did strike defendant’s house. These admissions made throughout defendant’s testimony certainly created triable issues of fact as to his knowledge of the danger and the foreseeability of the harm.
As the Appellate Division dissent explained, “It makes no difference that the instrument of injury or death is located on adjacent property if the consequence of its fall is injury or death occurring on the owner’s property” (305 AD2d 538, 540 [2003]).
True, an abutting property owner generally owes no duty to warn or protect third parties from a dangerous or defective condition on neighboring premises, unless the owner created or contributed to the dangerous condition. But what the Court fails to recognize is that the hazard here was not on neighboring premises. The uprooted tree posed a threat to—and caused a death in—defendant’s own driveway.
True, defendant had neither the duty nor the right to remove the tree or otherwise eliminate the danger. But that is irrelevant to the issue whether defendant had a duty simply to warn of a danger that he could nevertheless not himself repair. That being so, there is no principled reason why a property owner aware of the risk should owe a duty to warn a visitor that a branch dangling from a tree on his property is about to fall on the visitor’s head, but may stand quietly by when its roots grow in the neighbor’s soil. A landowner must “act reasonably when considering all the circumstances” (Peralta v Henriquez, 100 NY2d 139, 144 [2003]) and the standard of care should “accord[ ] with the mores of our society” (Gallagher v St. Raymond’s R.C. Church, 21 NY2d 554, 558 [1968]). If a live power line were dangling precariously over a person’s property, any homeowner—though unable to eliminate the danger other than by calling the local utility who owns the line—would warn children to stay away. If the danger were not open and obvious— perhaps at night—the owner should warn visitors as well.
The rule should remain what it has always been: A landowner has a duty to warn of a known hazard on his or her premises— regardless of the ultimate source of the danger. Permitting a trial in these circumstances imposes no duty on landowners to *640 inspect neighboring premises or to learn of hidden dangers. Only when the property owner actually knows of the danger emanating from the abutting property—a danger that poses a risk of injury on the owner’s own property—should there be a duty to warn. Recognizing such a duty imposes a minimal burden on landowners but its fulfillment here could have saved a life.
The Court’s contention that the harm was not foreseeable does not resolve the issue before us, because that conclusion applies with equal force on whichever side of the property line the tree was located. The answer to the question whether defendant could tell by the tilt of this tree where it would fall is precisely the same regardless of where defendant’s property ended and his neighbor’s began. If defendant had owned both properties, we would not debate whether he had a duty to warn. Since the record supports the conclusion that he knew of the risk, the result should be no different here.
In concluding instead that the risk of injury was not foreseeable as a matter of law because this defendant did not take steps to protect himself and his family from danger, the Court misapprehends the law of negligence. The test is not whether defendant stayed at home or moved his wife’s car. The test is an objective one: what a reasonable person would do under the circumstances. That defendant may have negligently, perhaps recklessly, remained in a house he believed—correctly, as it turned out—potentially in danger did not render the risk of injury unforeseeable as a matter of law. Nor could his failure to determine whether anyone was in Galindo’s car at the moment he left his house absolve him of the duty to warn the car’s owner of the risk posed to her property—or to herself if she got in the car to drive it, as car owners are wont to do.
Whether the tree in fact posed a danger, whether the risk that it would fall on the driveway was foreseeable, whether defendant took reasonable care to warn, whether the danger was open and obvious—all these are questions to be determined at trial. “[T]he question of proof in individual situations should not be the arbitrary basis upon which to bar all actions” (Bovsun v Sanperi, 61 NY2d 219, 231 [1984] [citation and internal quotation marks omitted]).
Judges Rosenblatt, Read and R.S. Smith concur with Judge G.B. Smith; Chief Judge Kaye dissents in a separate opinion in which Judges Ciparick and Graffeo concur.
Order affirmed, with costs.