■ DONNA CRAWFORD et al., Appellants, v FOREST HILLS GARDENS, Respondent, et al., Defendants. [792 NYS2d 135]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated June 10, 2004, which granted the motion of the defendant Forest Hills Gardens for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On September 11, 2002, the plaintiff Donna Crawford was driving her automobile on Continental Avenue in the private community of Forest Hills Gardens when a tree fell on her car. The tree was located in the yard of a private residence owned by the defendants John Guck and Joan Guck. The defendant Forest Hills Gardens, the homeowners association, did not own or control either the property or the tree, although it did own and maintain the streets and sidewalks in the community.

The plaintiffs commenced this action against the Gucks and Forest Hills Gardens to recover damages for personal injuries. The Supreme Court granted the motion of Forest Hills Gardens for summary judgment dismissing the complaint insofar as asserted against it finding that it "had no duty to protect or warn [the] plaintiff regarding the possibility of a tree falling from an adjacent property." We affirm.

A landowner does not owe a duty to those lawfully upon its property to warn or protect them from a defective or dangerous condition on neighboring premises (*see Galindo v Town of Clarkstown,* 305 AD2d 538, 539 [2003], *affd* 2 NY3d 633 [2004]; *Christopher v Traditi,* 178 AD2d 807 [1991]). Forest Hills Gardens did not own or control the property or the tree located thereon and thus "cannot fairly be held accountable for injuries resulting from a hazard on the property" (*Galindo v Town of Clarkstown,* 2 NY3d 633, 636 [2004], *supra*). As there can be no liability in the absence of a duty (*see Pulka v Edelman,* 40 NY2d

781, 782 [1976]), the Supreme Court properly granted the motion for summary judgment.

The plaintiffs' remaining contentions either are unnecessary to consider in light of our determination or without merit. Schmidt, J.P., Santucci, Luciano and Mastro, JJ., concur.