■ NANCY RIVAS, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent, et al., Defendant. [34 NYS3d 443]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered March 30, 2015, which granted defendant New York City Housing Authority's motion for summary judgment, dismissing the complaint, unanimously affirmed, without costs.

Defendant established its entitlement to judgment as a matter of law, in this action where plaintiff alleges that she was injured when she slipped and fell on ice on a sidewalk abutting

defendant's property. Defendant submitted evidence, including an affidavit from the property's caretaker, showing that it made efforts to clear the sidewalks of snow within a reasonable amount of time after the snowfall had ended (*see e.g. Robinson v 156 Broadway Assoc., LLC*, 99 AD3d 604 [1st Dept 2012]; *Valentine v City of New York*, 86 AD2d 381, 383 [1st Dept 1982], *affd* 57 NY2d 932 [1982]).

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff failed to offer a basis from which it could be reasonably inferred that defendant's snow-removal efforts "created or heightened" the alleged hazardous condition (*Rios v Acosta*, 8 AD3d 183, 185 [1st Dept 2004] [internal quotation marks omitted]). Plaintiff submitted an expert affidavit from a meteorologist, who concluded that ice could only have been present due to an inadequate salting of the snow that caused the snow to melt, but did not prevent it from refreezing. However, the expert did not explain how the application of salt lowers the freezing temperature for water; what amount of salt would have been sufficient, given the temperature that day, to keep melted snow from refreezing; or the basis for his statement that defendant applied too little salt. Accordingly, plaintiff's arguments as to the origination of the allegedly dangerous condition are speculative and conclusory, and insufficient to defeat the motion (*see Acar v Ecclesiastical Assistance Corp.*, 125 AD3d 464 [1st Dept 2015]). Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Webber, JJ.