Mitchell v Davidson (2018 NY Slip Op 06201)





Mitchell v Davidson


2018 NY Slip Op 06201


Decided on September 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2018

Friedman, J.P., Kapnick, Kahn, Oing, JJ.


7107

[*1]Angella Mitchell, Plaintiff-Respondent,
v
Dania Davidson, et al., Defendants-Appellants.


Law Office of James Toomey, New York (Evy Kazansky of counsel), for appellants.
Taubman Kimelman & Soroka, LLP, New York (Antonette M. Milcetic of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered January 8, 2018, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants established entitlement to judgment as a matter of law in this action where plaintiff alleges that she was injured when she slipped and fell on ice on the sidewalk in front of defendants' premises. Defendants submitted the opinion of a meteorologist, with certified climatological data showing that freezing rain and sleet was falling during the time of plaintiff's accident, which qualified as a storm (see Weinberger v 52 Duane Assoc., LLC, 102 AD3d 618 [1st Dept 2013]; Prince v New York City Hous. Auth., 302 AD2d 285 [1st Dept 2003]). Thus, defendants' duty to take reasonable measures to remedy any dangerous condition caused by the storm was suspended until a reasonable time after the storm ended (see Solazzo v New York City Tr. Auth., 21 AD3d 735 [1st Dept 2005], affd 6 NY3d 734 [2005]).
In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's expert meteorologist agreed with the defense expert's findings that freezing rain was falling at the time of plaintiff's fall (see Weinberger at 619). The opinion of plaintiff's expert concerning the sufficiency of defendants' salting of the sidewalk was insufficient to raise an issue of fact. Even if defendants had a duty to salt before any storm began, the expert's opinion was too speculative to raise an issue of fact as to whether defendants' upkeep efforts contributed to the allegedly dangerous condition (see Rivas v New York City Hous. Auth., 140 AD3d 580, 581 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 25, 2018
CLERK