Casellas v Proano (2021 NY Slip Op 00488)





Casellas v Proano


2021 NY Slip Op 00488


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Acosta, P.J., Webber, Oing, Scarpulla, JJ. 


Index No. 20732/15E Appeal No. 12965 Case No. 2020-03011 

[*1]Luz Casellas, Plaintiff-Appellant,
v
Gabriella Proano, Defendant-Appellant, Amanda's Place, LLC, Defendant-Respondent.


Pollack Pollack Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for Luz Casellas, appellant.
Nicolini, Paradise, Ferretti & Sabella, PLLC, Mineola (John J. Nicolini of counsel), for Gabriella Proano, appellant.
Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for respondent.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered January 15, 2020, which granted the motion of defendant Amanda's Place, LLC for summary judgment dismissing the amended complaint and any cross claims as against it, unanimously affirmed, without costs.
Amanda's Place sustained its prima facie burden of showing that its gutters played no role in the creation or exacerbation of the icy condition that allegedly caused the accident (see Kaufman v Silver, 227 AD2d 383, 383-384 [2d Dept 1996], affd 90 NY2d 204 [1997]). Although Amanda's Place's expert opined that icicles hanging from the gutters extending from Amanda's Place's property into defendant Gabriella Proano's neighboring property would drip water onto the awning overhanging the landing where plaintiff alleges she fell before the date of the incident, the evidence submitted demonstrate that those gutters did not proximately create or exacerbate the icy condition that caused the accident. The certified meteorological records indicate the temperature was below freezing for several hours before plaintiff fell. Plaintiff testified at her deposition that she never saw water dripping onto the landing or saw ice on the gutters above it before the accident. Furthermore, Proano testified at her deposition that the icicles hanging on Amanda's Place's gutters were not dripping when her husband removed the ice that was on the landing and salted the area about an hour before plaintiff fell.
Finally, the expert affidavits submitted in opposition failed to raise a triable issue of fact. They do not address how icicles hanging from defendant's gutters dripped water onto Proano's landing and froze thereby creating the icy condition that caused plaintiff to slip and fall given that the temperature was below freezing for several hours before the accident. Accordingly, plaintiff's arguments as to the origination of the alleged icy
condition are speculative and conclusory and insufficient to defeat the motion (see e.g. Rivas v New York City Hous. Auth., 140 AD3d 580, 581 [1st Dept 2016]; Pensabene v Incorporated Vil. of Val. Stream, 202 AD2d 486, 487 [2d Dept 1994]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021