Messina v Morton Vil. Realty, Inc. (2022 NY Slip Op 01155)





Messina v Morton Vil. Realty, Inc.


2022 NY Slip Op 01155


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-14199
 (Index No. 604204/14)

[*1]Michael Messina, appellant, 
v
Morton Village Realty, Inc., et al., defendants third-party plaintiffs-respondents; Mr. Joe's Pizzeria & Ristorante, et al., third-party defendants.


Dell & Dean, PLLC, Garden City, NY (Joseph G. Dell and Mischel & Horn, P.C. [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
Brooks, Berne & Herndon, PLLC, New York, NY (Nicole M. Varisco and Candace Johnson of counsel), for defendants third-party plaintiffs-respondents.
Armienti, Debellis & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for third-party defendants Mr. Joe's Pizzeria & Ristorante, Ruago, LLC, and Michael Ruggiero.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley and Michael Reagan of counsel), for third-party defendants DIG Enterprise, Inc., and Pete Lamariana.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), dated November 28, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants third-party plaintiffs which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs to the plaintiff payable by the defendants third-party plaintiffs, that branch of the motion of the defendants third-party plaintiffs which was for summary judgment dismissing the complaint is denied, so much of the order as denied, as academic, those branches of the motion of the defendants third-party plaintiffs which were for leave to amend the third-party complaint and for summary judgment on the third-party complaint is vacated, so much of the order as denied, as academic, the cross motion of the third-party defendants DIG Enterprise, Inc., and Pete Lamariana for summary judgment dismissing the third-party complaint insofar as asserted against them is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.
On January 9, 2014, the plaintiff allegedly was injured when he slipped on ice while walking on a sidewalk behind the restaurant where he worked, the third-party defendant Mr. Joe's Pizzeria & Ristorante (hereinafter Mr. Joe's). Mr. Joe's was owned by the third-party defendant Ruago, LLC, and Ruago, LLC, was owned, in part, by the third-party defendant Michael Ruggerio. [*2]Ruago, LLC, leased the space for the restaurant from the owner of the subject premises, the defendant third-party plaintiff Morton Village Realty, Inc. (hereinafter Morton). The defendant third-party plaintiff Phillips International Realty, Inc. (hereinafter Phillips), was the managing agent for the premises. After the accident, the plaintiff commenced this action to recover damages for personal injuries against Morton and Phillips (hereinafter together the defendants). The defendants then commenced a third-party action against, among others, Mr. Joe's, Ruago, LLC, and Ruggerio (hereinafter collectively the Ruago parties), and DIG Enterprise, Inc., and its owner, Pete Lamariana (hereinafter together the DIG parties), with whom Morton had contracted for snow removal services at the premises. The third-party action asserted causes of action for indemnification and contribution.
After discovery, the defendants moved, inter alia, for summary judgment dismissing the complaint, for leave to amend the third-party complaint to assert a cause of action to recover damages for breach of contract, and for summary judgment on the third-party complaint. The DIG parties opposed the motion, and cross-moved for summary judgment dismissing the third-party complaint insofar as asserted against them.
By order dated November 28, 2018, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint, denied, as academic, those branches of the defendants' motion which were for leave to amend the third-party complaint and for summary judgment on the third-party complaint, and denied, as academic, the DIG parties' cross motion for summary judgment dismissing the third-party complaint insofar as asserted against them. The plaintiff appeals.
The Supreme Court should have denied that branch of the defendants' motion which was for judgment as a matter of law dismissing the complaint. While the defendants demonstrated, prima facie, that they did not have actual or constructive notice of the icy condition on the sidewalk behind the pizzeria, "'[t]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings'" (Celestin v 40 Empire Blvd., Inc., 168 AD3d 805, 807, quoting Foster v Herbert Slepoy Corp., 76 AD3d 210, 214). Here, the plaintiff asserted in his bill of particulars that the defendants were negligent, inter alia, in failing to maintain the premises, failing to repair the dangerous and defective condition, and in allowing an icy condition to exist. In his fourth supplemental bill of particulars, which was served four months prior to the defendants' motion, the plaintiff clarified that the defendants created the dangerous condition that caused him to slip and fall by permitting the downspouts from the roof of the premises to deposit water directly onto the sidewalk, and alleged violations of various property maintenance codes related thereto. Thus, in support of their motion for summary judgment, the defendants were also required to demonstrate that they did not create the alleged dangerous condition (see Nigro v Village of Mamaroneck, 184 AD3d 842, 843; cf. Arnone v Morton's of Chicago/Great Neck, LLC, 183 AD3d 862, 863). The defendants failed to establish, prima facie, that the drains played no role in the creation or exacerbation of the icy condition that allegedly caused the accident (see Harkins v Tuma, 182 AD3d 678, 680; cf. Casellas v Proano, 190 AD3d 634, 635). Moreover, the defendants failed to demonstrate that they did not have constructive notice of the allegedly defective downspouts. While Phillips's property director testified at his deposition that no tenants raised concerns about drainage issues caused by the downspouts, he acknowledged that, after snow events, his on-site maintenance worker would check for "ponding" on the sidewalks around the premises.
Since the defendants failed to meet their prima facie burden, the Supreme Court should have denied their motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, those branches of the defendants' motion which were for leave to amend the third-party complaint and for summary judgment on the third-party complaint, and the DIG parties' cross motion for summary judgment dismissing the third-party complaint insofar as asserted against them, are no longer academic. Accordingly, we remit the matter to the Supreme Court, Nassau County, for a determination on the merits of those branches of the [*3]defendants' motion and the DIG parties' cross motion (see First Choice Plumbing Corp. v Miller Law Offs., PLLC, 164 AD3d 756, 758; Midorimatsu, Inc. v Hui Fat Co., 99 AD3d 680, 683).
The parties' remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court