Dray v Staten Is. Univ. Hosp. (2024 NY Slip Op 02300)

Dray v Staten Is. Univ. Hosp.

2024 NY Slip Op 02300

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2019-12617
 (Index No. 500510/14)

[*1]Rinat Dray, appellant, 
v
Staten Island University Hospital, et al., respondents.

Michael M. Bast, P.C., Brooklyn, NY, for appellant.
Gerspach Sikoscow LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Kathryn M. Beer], of counsel), for respondents Staten Island University Hospital and James J. Ducey.
Rawle & Henderson LLP, New York, NY (John T. Evans, Linda J. DeCorato, and Michael L. Moretti of counsel), for respondents Leonid Gorelik and Metropolitan OB-GYN Associates, P.C.
Letitia James, Attorney General. New York, NY (Barbara D. Underwood, Ester Murdukhayeva, Galen Sherwin, and Blaire J. Greenwald of counsel), for amicus curiae State of New York.
Birth Rights Bar Association, New York, NY (Elizabeth Kukura of counsel), amicus curiae pro se and for amicus curiae Birth Place Lab.
Washington Square Legal Services, Inc., New York, NY (Sarah Burns and Lynn Paltrow of counsel; Indra Lusero on the brief), for amicus curiae National Advocates for Pregnant Women.
Hayes Klein Law, LLC, New York, NY (Hermine Hayes Klein of counsel), for amici curiae VBAC Facts LLC and Evidence Based Birth.
New York Civil Liberties Union, New York, NY (Jessica Perry, Beth Haroules, Katharine Es Bodde, and Molly K. Biklen of counsel), amicus curiae pro se.
If/When/How: Lawyering for Reproductive Justice, Brooklyn, NY (Farah Diaz-Teller of counsel), amicus curiae pro se and for amici curiae Center for Reproductive Rights, Human Rights and Gender Justice Clinic at the City University of New York Law School (HRSG), White Ribbon Alliance, and Birthrights.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated October 1, 2019. The order, sua sponte, in effect, granted the defendants leave to reargue their separate oppositions to the plaintiff's prior motion for leave to amend the amended complaint to assert causes [*2]of action alleging breach of contract, fraud, violations of General Business Law §§ 349 and 350, a violation of Civil Rights Law § 40, and gender discrimination in violation of Executive Law § 291 and the Administrative Code of the City of New York § 8-107, which had been granted in an order of the same court dated January 7, 2019, and, upon reargument, vacated so much of the order dated January 7, 2019, as granted the plaintiff's prior motion for leave to amend the amended complaint to assert those causes of action, and thereupon, denied the plaintiff's prior motion.
ORDERED that, on the Court's own motion, the notice of appeal from the order dated October 1, 2019, is deemed an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated October 1, 2019, is modified, on the law, (1) by deleting the provisions thereof, upon reargument, vacating so much of the order dated January 7, 2019, as granted those branches of the plaintiff's prior motion which were for leave to amend the amended complaint to assert causes of action alleging breach of contract and gender discrimination in violation of Executive Law § 291 and the Administrative Code of the City of New York § 8-107, and thereupon, denying those branches of the plaintiff's prior motion, and substituting therefor a provision, upon reargument, adhering to the original determination in the order dated January 7, 2019, granting those branches of the plaintiff's prior motion, and (2) by deleting the provisions thereof, upon reargument, vacating so much of the order dated January 7, 2019, as granted those branches of the plaintiff's prior motion which were for leave to amend the amended complaint to assert causes of action alleging fraud and violations of General Business Law §§ 349 and 350 insofar as asserted against the defendants Staten Island University Hospital and James J. Ducey, and thereupon, denying those branches of the plaintiff's prior motion, and substituting therefor a provision, upon reargument, adhering to the original determination in the order dated January 7, 2019, granting those branches of the plaintiff's prior motion; as so modified, the order dated October 1, 2019, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The facts underlying this action are summarized in our decision and order on a prior appeal (see Dray v Staten Is. Univ. Hosp., 160 AD3d 614). Following discovery, the plaintiff moved for leave to amend the amended complaint to assert causes of action alleging breach of contract, fraud, violations of General Business Law §§ 349 and 350, a violation of Civil Rights Law § 40, and gender discrimination in violation of Executive Law § 291 and the Administrative Code of the City of New York § 8-107 (hereinafter collectively the new causes of action). The defendants Leonid Gorelik and Metropolitan OB-GYN Associates, P.C. (hereinafter Metropolitan), opposed the plaintiff's motion for leave to amend the amended complaint to assert the new causes of action and cross-moved for an award of attorneys' fees. The defendants Staten Island University Hospital (hereinafter the hospital) and James J. Ducey separately opposed the plaintiff's motion and cross-moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the new causes of action insofar as asserted against them in the event that the plaintiff's motion for leave to amend the amended complaint was granted. In an order dated January 7, 2019, the Supreme Court granted the plaintiff's motion and denied the defendants' separate cross-motions. The plaintiff filed a second amended complaint dated January 17, 2019, containing the new causes of action.
Thereafter, the hospital and Ducey moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the new causes of action insofar as asserted against them, or, in the alternative, for leave to reargue their prior cross-motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the new causes of action insofar as asserted against them. Gorelik and Metropolitan separately moved pursuant to CPLR 3211(a)(7) to dismiss the new causes of action insofar as asserted against them. In an order dated October 1, 2019, the Supreme Court, sua sponte, in effect, granted the defendants leave to reargue their separate oppositions to the plaintiff's prior motion for leave to amend the amended complaint to assert the new causes of action, and, upon reargument, vacated so much of the order dated January 7, 2019, as granted the plaintiff's prior motion for leave to amend the amended complaint to assert the new causes of action, and thereupon, denied the plaintiff's prior motion. The plaintiff appeals from the October 1, 2019 order.
Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion by, sua sponte, in effect, granting the defendants leave to reargue their separate oppositions to the plaintiff's prior motion for leave to amend the amended complaint to assert the new causes of action (see id. § 2221[d][2]; U.S. Bank N.A. v Sallie, 215 AD3d 714, 716).
Upon reargument, the Supreme Court improvidently exercised its discretion in denying those branches of the plaintiff's prior motion which were to amend the amended complaint to assert causes of action alleging breach of contract and gender discrimination in violation of Executive Law § 291 and Administrative Code § 8-107, and alleging fraud and violations of General Business Law §§ 349 and 350 against the hospital and Ducey. "'Leave to amend a pleading should be granted where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party'" (First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d 639, 641, quoting DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024, 1025 [alterations omitted]; see Lucido v Mancuso, 49 AD3d 220, 226-227). The burden of establishing prejudice is on the party opposing the amendment (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411). "In determining a motion for leave to amend a pleading, a court shall not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of merit is clear and free from doubt" (Recine v Recine, 201 AD3d 830, 831 [internal quotation marks omitted]; see United Fairness, Inc. v Town of Woodbury, 113 AD3d 754, 755; Lucido v Mancuso, 49 AD3d at 227).
Here, the proposed causes of action alleging breach of contract, gender discrimination in violation of Executive Law § 291 and Administrative Code § 8-107, and the proposed causes of action alleging fraud and violations of General Business Law §§ 349 and 350 insofar as asserted against the hospital and Ducey, were not palpably insufficient or patently devoid of merit. Moreover, the defendants failed to establish that they would be prejudiced or surprised by the amendments to assert causes of action alleging breach of contract and gender discrimination in violation of Executive Law § 291 and Administrative Code § 8-107, and the hospital and Ducey failed to establish that they would be prejudiced or surprised by the amendments to assert causes of action alleging fraud and violations of General Business Law §§ 349 and 350 against them. Accordingly, upon reargument, the Supreme Court should have adhered to the original determination granting those branches of the plaintiff's prior motion which were for leave to amend the amended complaint to assert causes of action alleging breach of contract and gender discrimination in violation of Executive Law § 291 and Administrative Code § 8-107, and alleging fraud and violations of General Business Law §§ 349 and 350 against the hospital and Ducey (see Lucido v Mancuso, 49 AD3d at 226-227).
However, upon reargument, the Supreme Court providently exercised its discretion in denying those branches of the plaintiff's prior motion which were for leave to amend the amended complaint to assert a cause of action alleging a violation of Civil Rights Law § 40, and causes of action alleging fraud and violations of General Business Law §§ 349 and 350 against Gorelik and Metropolitan (see CPLR 3025[b]). The proposed cause of action alleging a violation of Civil Rights Law § 40 was palpably insufficient, as that particular statute does not bar discrimination based on gender or pregnancy status. The proposed causes of action alleging fraud and violations of General Business Law §§ 349 and 350 insofar as asserted against Gorelik and Metropolitan were also palpably insufficient, as the allegations supporting those proposed causes of action were based upon conduct of the hospital and Ducey, and not upon conduct of Gorelik and Metropolitan.
We do not address the issues raised by the parties regarding the defendants' separate motions pursuant to CPLR 3211(a) to dismiss the new causes of action insofar as asserted against each of them. The Supreme Court did not grant or deny the parties relief with respect to these motions in the order appealed from. Additionally, in light of our determination, those branches of the motion of the hospital and Ducey which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the causes of action alleging breach of contract, fraud, violations of General Business Law §§ 349 and 350, and gender discrimination in violation of Executive Law § 291 and Administrative Code § 8-107 insofar as asserted against them, or, in the alternative, for leave to reargue their prior cross-motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the causes of action alleging [*3]breach of contract, fraud, violations of General Business Law §§ 349 and 350, and gender discrimination in violation of Executive Law § 291 and Administrative Code § 8-107 insofar as asserted against them, and those branches of the motion of Gorelik and Metropolitan which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging breach of contract and gender discrimination in violation of Executive Law § 291 and Administrative Code § 8-107 insofar as asserted against them, are no longer academic. Those branches of the defendants' separate motions remain pending and undecided, and the parties' contentions with respect thereto are not properly before this Court (see Wells Fargo Bank, N.A. v Boakye-Yiadom, 213 AD3d 976, 979; Katz v Katz, 68 AD2d 536, 543). Accordingly, we remit the matter to the Supreme Court, Kings County, for a determination on the merits of those branches of the defendants' separate motions (see Messina v Morton Vil. Realty, Inc., 202 AD3d 1076, 1078).
CONNOLLY, J.P., MALTESE, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court