Edwards v Rockland Hosp. Guild Inc. (2025 NY Slip Op 00152)

Edwards v Rockland Hosp. Guild Inc.

2025 NY Slip Op 00152

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Manzanet-Daniels, J.P., Pitt-Burke, Higgitt, Rosado, Michael, JJ. 

Index No. 156523/21 Appeal No. 3474 Case No. 2024-01765 

[*1]Antoinette Edwards, Plaintiff-Appellant,
v
Rockland Hospital Guild Inc., The Floss Group LLC Doing Business as Ecoscape Landscape & Irrigation, Inc., Defendants-Respondents.

Mirman, Markovits & Landau, P.C., New York (David Weissman of counsel), for appellant.
Rutherford Christie, LLP, New York (David S. Rutherford of counsel), for Rockland Hospital Guild Inc., respondent.
Peirce & Salvato PLLC, White Plains (Roland T. Koke of counsel), for The Floss Group LLC, respondent.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered on or about January 12, 2024, which, to the extent appealed from as limited by the briefs, granted the motions of Floss Group LLC doing business as Ecoscape Landscape & Irrigation, Inc. (Ecoscape) and Rockland Hospital Guild, Inc. (Rockland) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
The court properly awarded summary judgment to defendant snow-removal contractor Ecoscape and defendant Rockland, the owner of the parking lot where plaintiff slipped and fell on a two-foot by two-foot patch of ice. Ecoscape's acts of plowing and salting the parking lot the day before the accident, as required by its contract with Rockland, "cannot be said to have created or exacerbated a dangerous condition" (Espinal v Melville Snow Contrs., 98 NY2d 136, 142 [2002]). It is undisputed that Ecoscape neither displaced Rockland's duty to maintain the premises nor that plaintiff detrimentally relied upon Ecoscape's contractual snow-removal services for the other Espinal factors to apply.
Rockland also demonstrated, prima facie, that it neither created the condition nor had constructive notice of the ice in the parking lot based on testimony that the parking lot was cleared of snow and salted the morning before the accident, and that Rockland's superintendent inspected the premises every day and would have salted any ice he observed (see Vidal v City of New York, 122 AD3d 419, 420 [1st Dept 2014]). Moreover, plaintiff herself testified that she did not see any snow or ice when she drove into the parking lot or when exiting her vehicle (see Cyril v Mueller, 104 AD3d 465 [1st Dept 2013]).
In opposition to the motions, plaintiff failed to raise a triable issue of fact. Plaintiff does not allege that defendants' method of snow removal created a "more hazardous condition" than if it had been left untouched (cf. Santiago v New York City Hous. Auth., 274 AD2d 335, 335 [1st Dept 2000] [internal quotation marks omitted]). Nor does the speculative affidavit of plaintiff's expert, a meteorologist, in which he opined that the ice patch was created by melting and refreezing snow, preclude the award of summary judgment to either defendant. Plaintiff's expert never explained "what amount of salt would have been sufficient, given the temperature that [night], to keep melted snow from refreezing" (Rivas v New York City Hous. Auth., 140 AD3d 580, 581 [1st Dept 2016]; see Acar v Ecclesiastical Assistance Corp., 125 AD3d 464 [1st Dept 2015]). The mere existence of residual snow or ice fails to create an issue of fact (Lenti v Initial Cleaning Servs., Inc., 52 AD3d 288, 290 [1st Dept 2008]).
We have considered plaintiff's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025