Richardson v City of New York (2026 NY Slip Op 00215)

Richardson v City of New York

2026 NY Slip Op 00215

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kern, J.P., Scarpulla, Kapnick, Shulman, Hagler, JJ. 

Index No. 453090/21|Appeal No. 5617|Case No. 2024-05783|

[*1]Brittani Richardson, Plaintiff-Appellant,
vThe City of New York, Defendant, New York City Transit Authority, et al., Defendants-Respondents.

Horn Appellate Group, Brooklyn (Nicholas S. Bruno of counsel), for appellant.
Anna J. Ervolina, Metropolitan Transportation Authority, Brooklyn (Adrienne Yaron of counsel), for respondents.

Order, Supreme Court, Bronx County (Richard Tsai, J.), entered September 5, 2024, which granted the motion of defendants New York City Transit Authority and Metropolitan Transportation Authority for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established their prima facie entitlement to summary judgment dismissing the complaint in this action for personal injuries sustained by plaintiff when she slipped and fell on snow or ice while walking down the subway stairs. Defendants submitted transcripts of plaintiff's testimony and weather reports, which demonstrated that there was a storm in progress at the time of plaintiff's accident (see Pippo v City of New York, 43 AD3d 303, 304 [1st Dept 2007]).
In opposition, plaintiff failed to raise a triable issue of fact as to whether defendants' snow removal efforts created or exacerbated a hazardous condition. The court properly concluded that the opinions of plaintiff's experts concerning the sufficiency of defendants' snow removal efforts and the origin of the allegedly dangerous condition were too speculative to raise an issue of fact (see Mitchell v Davidson, 164 AD3d 1160 [1st Dept 2018]; Rivas v New York City Hous. Auth., 140 AD3d 580, 581 [1st Dept 2016]). Specifically, the expert report failed to explain how clearing the steps and applying the salt-sand mixture created a more slippery condition than would have existed had defendants simply taken no action during the storm. The report did not specify what amount of salt would have been sufficient and how frequently it should have been applied to prevent melted snow from refreezing. Finally, the report suggests that defendants' efforts created a slippery layer of snow or ice that was later concealed by continuing snowfall, but there is no evidence in the record to support this assertion, particularly where plaintiff herself described the snow on the stairs as slushy, icy, dirty, and walked on.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026